GASPAR CRUZ RODRÍGUEZ, demandante y recurrido, *v.* AUTORI-
DAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO
y GREAT AMERICAN INSURANCE CO., demandadas y recu-
rrentes.

*Número*: R-72-174          *Resuelto*: 5 de abril de 1973

*Ernesto C. Blanco, José O. Sabater* y *Jorge López Ramírez,* abo-
gados de la Autoridad de Acueductos y Alcantarillados de
Puerto Rico; *Tomás E. Vivoni,* abogado del recurrido.

PER CURIAM: El demandante trabajaba para la Autoridad
de Acueductos y Alcantarillados. Alega que sufrió una caída
"en una zanja o cavidad de aproximadamente cuatro (4)
pies de profundidad", (Conclusión de Hecho #5), existente
en una parcela perteneciente á la Autoridad "la que se en-
cuentra circundada por una verja ciclón [*sic*] para protec-
ción de un tanque de agua de la misma Autoridad de Acue-
ductos y Alcantarillados." (Conclusión de Hecho #2.) "El
demandante. visitaba la parcela dos y tres veces por semana."
(Conclusión de Hecho #6.) "El demandante tenía en su
posesión una llave de la puerta que da acceso al tanque de
agua que hemos identificado antes; la prueba nos ha conven-
cido que la llave le fue entregada al demandante por uno de
sus jefes y la recibió, entre otros propósitos, para que cuidara
y supervisara informalmente el área de la parcela, evitando
así que personas extrañas invadieran el predio; en esa fecha

la demandada no tenía ningún empleado asignado al cuidado de dicha parcela y era factible encomendarle esa gestión al demandante quien tenía que pasar diariamente por esa área." (Conclusión de Hecho #4.)

De las determinaciones de hecho que antes se transcriben surge que el demandante era un empleado de la demandada, y que se le había encomendado unas gestiones en relación con el predio de terreno donde está enclavado un tanque de agua.

Con estos hechos no puede imponérsele responsabilidad a la demandada visto lo dispuesto en el Art. 20 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 21(1) y la constante jurisprudencia interpretando esta disposición estatutaria. *Vda. de Andino* v. *A.F.F.*, 93 D.P.R. 170 (1966); *Cortijo Walker* v. *Fuentes Fluviales*, 91 D.P.R. 574 (1964.)

*Se revocará la sentencia que dictó el Tribunal Superior, Sala de Mayagüez y se dictará otra declarando sin lugar la demanda.*

---

(1) Dispone así:

"Cuando el patrono asegure sus obreros y empleados de acuerdo con el presente Capítulo, el derecho aquí establecido para obtener compensación será el único remedio en contra del patrono . . . ."