MIGUEL RODRÍGUEZ CRUZ, demandante y recurrente, *v.* UNION CARBIDE GRAFITO, INC., demandada y recurrida.

*Número:* R-78-208     *Resuelto:* 14 de noviembre de 1978

*Feldstein, Gelpí, Hernández & Castillo,* abogados del recurrente; *Vivas & Martínez-Texidor, Lasa & Vicente* y *Frank Cátala Morales,* abogados de la recurrida.

PER CURIAM: Daniel Construction Co. contrató con Union Carbide Grafito, Inc., la construcción de ciertas obras en la planta de esta última. Daniel Construction es patrono asegurado. Uno de sus obreros se lesionó mientras realizaba esas obras y recibió los beneficios correspondientes del Fondo del Seguro del Estado. Posteriormente entabló demanda contra Union Carbide, y el Tribunal Superior mediante sentencia sumaria, desestimó dicha demanda a base de que la demandada era patrono estatutario, según lo resuelto en *Lugo Sánchez* v. *A.F.F.*, 105 D.P.R. 861 (1977).

En 22 de junio de 1978, declaramos no ha lugar a una solicitud de revisión presentada por el obrero demandante. Subsiguientemente presentó moción de reconsideración y en 20 de julio de 1978 fue referida al Tribunal en Pleno, mediante resolución emitida por sala especial integrada por los Hons. Jueces Señores Dávila, Irizarry Yunqué y Negrón García.

■ El recurso plantea, en síntesis, que la inmunidad de patrono estatutario se limita: 1) al patrono estatutario que haya pagado la póliza del Fondo del Seguro del Estado cubriendo a los empleados del patrono verdadero y 2) al caso en que el patrono verdadero esté realizando labores que formen parte usual de la actividad del patrono estatutario.

La primera contención ha sido resuelta adversamente mediante nuestras decisiones en los casos *Colón Santiago* v. *Comisión Industrial*, 97 D.P.R. 208 (1969); *Lugo Sánchez*, supra; y *Vda. de Costas* v. *P.R. Olefins*, 107 D.P.R. 782 (1978). No vemos razón alguna para alterar esa línea de decisiones.

■ La segunda contención tampoco tiene mérito. En los casos *Lugo Sánchez*, supra, y *Vda. de Costas*, supra, hicimos referencia a principales o dueños de obras como patronos estatutarios. En el presente caso la Union Carbide es patrono estatutario por ser dueño de una obra de construcción que iba

a ser realizada por Daniel Construction. Estando envuelta una obra de construcción es innecesario que las labores de Daniel Construction formen parte de las actividades normales del patrono estatutario.

■ Aunque la ley no lo dispone en forma categórica, su propósito es imponer al dueño de una obra de construcción la responsabilidad patronal de asegurar a los empleados del contratista que habrá de realizar la obra. Así surge de una lectura en conjunto, de los Arts. 2 y 19 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. secs. 2 y 20.

■ El Art. 19 impone al patrono la obligación de asegurar a los empleados de los contratistas o subcontratistas contratados por dicho patrono. Los párrafos 7 y 8 del Art. 2 establecen lo siguiente: 1) que todo contrato de obra pública incluirá el costo de las primas de seguros de los obreros que se empleen en dicha obra, debiendo el funcionario encargado de la obra retener al contratista la suma a ser satisfecha al Fondo del Seguro del Estado; y 2) que cuando se trate de "contratistas o dueños de obras privadas o particulares, el Negociado de Permisos no extenderá permiso para la construcción, alteración estructural, ampliación, traslado o uso de edificios hasta que el patrono haya presentado al Director de la Oficina de Permisos un certificado expedido por el Administrador [del Fondo] acreditativo de que la obra ha sido asegurada debidamente de acuerdo con la Ley." Las responsabilidades que esas disposiciones imponen a dueños de obras públicas y privadas son exclusivamente las derivadas de su condición de patrono bajo ley.

Ante lo anterior, se declara sin lugar la moción de reconsideración presentada por el obrero demandante.

Por el interés público envuelto y por la conveniencia de que la profesión conozca la posición del Tribunal en estos casos, mediante la facultad que nos confiere la Regla 50 de

nuestro Reglamento, *expedimos el auto y emitimos la presente Opinión Per Curiam. Se dictará sentencia de conformidad.*

Disintieron los Jueces Asociados Señores Dávila, Irizarry Yunqué y Negrón García. El Juez Asociado Señor Dávila desea hacer constar que disiente por los motivos consignados en la opinión disidente emitida en *Lugo Sánchez* v. *A.F.F.*, 105 D.P.R. 867 (1977). El Juez Asociado Señor Torres Rigual no intervino.