ISRAEL RUIZ DÍAZ ET AL., demandantes y recurrentes, *v.* PABLO VARGAS REYES ET AL., demandados y recurridos.

*Número:* R-80-43      *Resuelto:* 8 de mayo de 1980

*Máximo R. Ruidíaz,* abogado de los recurrentes; *Vivas & Martínez Texidor,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

El recurrente Ruiz Díaz es un carpintero empleado por la contratista Bird Construction Co. que hallándose el 26 septiembre, 1969 en el curso de su trabajo en la construcción del Condominio Torre del Mar en el Condado, fue arrollado por un camión propiedad de Ready Mix Concrete, subcontratista de Bird a cargo de suplir el concreto premezclado para la obra. El trabajador, imputando negligencia al chófer de Ready Mix y alegando haber sufrido daños físicos y morales, presentó demanda de daños y perjuicios contra dicha subcontratista, la cual fue desestimada en la etapa de juicio, al finalizar la prueba del demandante, dictándose por el Tribunal Superior, Sala de San Juan, y con fecha 28 diciembre, 1979, sentencia que adujo como fundamentos de decisión, sin determinar negligencia, el hecho de ser la contratista Bird Construction un patrono asegurado cuya cubierta se hizo efectiva por el Fondo del Seguro del Estado al obrero demandante otorgándole la compensación de ley; y consideró la sala de instancia que Ready Mix no es un tercero responsable según el Art. 31 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 32, y sí patrono asegurado inmune a ulterior reclamación a tenor de lo resuelto por este Tribunal en *Lugo Sánchez* v. *A.F.F., Vda. de Costas* v. *P.R. Olefins* y *Rodríguez* v. *Union Carbide Grafito, Inc.,* infra.

■ Al recurso de revisión, notamos inaplicación de dicha jurisprudencia a los hechos de este caso y en 28 febrero, 1980 expedimos orden requiriendo de la demandada recurrida que mostrara causa por la que no deba revocarse la sentencia desestimatoria y reconocer una causa de acción a la parte demandante recurrente. En su escrito la recurrida admite la diferente relación entre lesionado y subcontratista en el presente caso, opuesta a la que se da en *Lugo Sánchez* y su progenie. Pero propone que adoptemos de Florida y Massachusetts la doctrina de "inmunidad de comunidad familiar" (*common family immunity doctrine*) ([1]) en la que la inmunidad del patrono estatutario se extiende a contratistas, subcontratistas y empleados de éstos cuando participan en el mismo proyecto. Nuestro estatuto es explícito en el trazado de un ámbito de inmunidad al que admite únicamente patronos asegurados, y a la ley nos adherimos en su reserva de acción civil en resarcimiento de daños para beneficio del trabajador lesionado por negligencia de tercero.

■ El principio de seguro exclusivo y de inmunidad del patrono, ancla de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 1 y ss., surgió como remedio de justicia social para la indefensión del trabajador en un naciente régimen industrial que conjugaba la libre aceptación de un trabajo, conocidas la peligrosidad del empleo o las precarias condiciones de seguridad ofrecidas por el patrono, con la asunción del riesgo por el obrero, sin acción reparadora de clase alguna. Para un hombre impulsado por la urgente necesidad de atender a la subsistencia de su familia, y a la suya propia, la aceptación de un trabajo era acto en que "su pobreza y no su voluntad consentía". ([2]) El remedio a esta situación se desarrolló en un concepto de responsabilidad estricta o absoluta del patrono que eliminó las defensas de

([1]) Rechazada por Larson en *Workmen's Compensation*, Vol. 2A, sec. 72.33, págs. 14-71 a 14-82, como producto de ficción y figuras de lenguaje.

([2]) Frase del Juez Hawkins, en *Thrussell* v. *Handyside & Co.*, 20 Q.B.D. 359 (1888), citada por Prosser, *Law of Torts*, Cuarta ed., pág. 528.

negligencia contribuyente, asunción de riesgo y negligencia del compañero de trabajo, a modo de "compromiso bajo el cual el trabajador acepta una compensación limitada, generalmente inferior a la que un [juez] concedería por sus daños, a cambio de la ampliada responsabilidad del patrono, y la seguridad de que sería pagado" (³) con la correlativa inmunidad del patrono acogido al estatuto de seguro. La exclusividad del remedio está declarada en el Art. 20 de la Ley, 11 L.P.R.A. sec. 21, al ordenar que siempre que el patrono asegure sus obreros y empleados, el derecho a compensación provisto en el estatuto será el *único remedio en contra del patrono.*

En *Lugo Sánchez* v. *A.F.F.*, 105 D.P.R. 861 (1977), reconocimos el desdoblamiento de la figura del patrono entre el *directo* y el *estatutario*, y la inmunidad que tanto al uno como al otro favorece cuando se hubiere cumplido por cualquiera de ellos con la exigencia del Art. 19 de la Ley, 11 L.P.R.A. sec. 20, de mantener sus obreros asegurados. Pero ni *Lugo Sánchez* ni sus derivados *Vda. de Costas* v. *P.R. Olefins*, 107 D.P.R. 782 (1978) y *Rodríguez* v. *Union Carbide Grafito, Inc.*, 107 D.P.R. 848 (1978), en riguroso acatamiento de los citados Arts. 20 y 19 de la Ley, extendieron inmunidad a contratista o subcontratista que no es patrono, en calidad alguna, del obrero lesionado. Quien no tiene con éste la relación de patrono y empleado, como no la había entre el carpintero recurrente y la demandada Ready Mix Concrete, es elemento foráneo al orden jurídico de inmunidad dispuesto para patronos exclusivamente, sean principal-estatutario o real-directo. Extender la inmunidad al grupo de contratistas y subcontratistas a base de su común participación en la misma obra iría en detrimento del derecho del trabajador a reclamar daños que él no ha transigido ni renunciado en la

---

(³) La responsabilidad absoluta ha promovido resultados satisfactorios en tanto los obreros lesionados tienen asistencia inmediata, una fuente común de fricción entre patrono y empleado ha sido eliminada, una carga onerosa de litigación costosa ha sido suprimida, y se ha logrado una relación más armoniosa entre patronos y empleados que la permitida por el viejo sistema. Prosser, *op. cit.*, pág. 531.

histórica fórmula de seguro exclusivo incorporada en nuestra Ley de Compensaciones por Accidentes del Trabajo.

El factor determinante de inmunidad lo es la existencia de ese vínculo directo o indirecto entre el trabajador que sufre el accidente y el patrono en el curso de cuyo empleo y como consecuencia del cual ocurre la lesión. Las disposiciones de la Ley de Compensaciones por Accidentes del Trabajo serán aplicables a todos los obreros y empleados que trabajen para los patronos a quienes se refiere el estatuto. Art. 2 de la Ley, 11 L.P.R.A. sec. 2. Ready Mix Concrete, que no es patrono del trabajador lesionado, es persona extraña, ajena y separada de la interacción jurídica que relaciona tanto al patrono directo, como al estatutario, con el Fondo del Seguro del Estado. *Lugo Sánchez*, supra, pág. 866. El hecho de que Ready Mix fuera un subcontratista encargado de suministrar concreto premezclado al contratista general, sin que tuviera la condición de patrono del trabajador lesionado, no la coloca en el círculo estrecho y claramente definido de la inmunidad provista en el Art. 20, *supra*. El mero contacto o vinculación contractual con el patrono al margen del contrato de trabajo no transmite la inmunidad y protección de remedio exclusivo del Art. 20 de la Ley contra una reclamación por negligencia. Ready Mix Concrete es, por tanto, un *tercero* contra quien el obrero lesionado podrá reclamar y obtener daños y perjuicios bajo los términos del Art. 31 de la Ley, 11 L.P.R.A. sec. 32, siempre y cuando la parte demandante pruebe su negligencia.

*Con estos antecedentes y fundamentos, se expide el auto, se revoca la sentencia recurrida y se devolverá el caso a instancia para continuación de procedimientos compatibles con lo aquí resuelto. Revocada.*