Giménez Muñoz, Juez Ponente
*1256 TEXTO COMPLETO DE LA SENTENCIA
El recurso de autos requiere que determinemos si el término de prescripción de un año establecido en el Artículo 1868 del Código Civil para acciones al amparo del Artículo 1802, cuando se trata de un patrono no asegurado, comienza a contar desde la fecha en que se notifica al obrero accidentado que su patrono no estaba cubierto por el Fondo del Seguro del Estado.
Consideramos, además, si la defensa de patrono estatutario y la inmunidad que ésta representa, es de aplicación a los hechos del caso.
Es conocido que la Ley de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935, según enmendada, 11 L.P.R.A. sec. 1, et seq., establece un esquema de protección social a través de un sistema de seguro compulsorio a favor del obrero lesionado de su empleo. Mediante dicho sistema se le provee al obrero damnificado aquella asistencia económica y tratamiento médico necesitado. Aida Laureano Pérez v. Gustavo Soto, 140 D.P.R. _ (1996), 96 JTS 88. Nuestro Tribunal Supremo ha señalado al respecto que:

"[e]l empleado, para ser acreedor a los beneficios que la ley le concede, no tiene que probar negligencia de persona alguna en relación con el 'accidente del trabajo' que sufre. A cambio de tal 'protección', el empleado 'renuncia' a la acción, por daños y per juicos, que podría tener contra su patrono por la negligencia de éste respecto a la ocurrencia del 'accidente del trabajo'. Dicho de otra manera, el patrono no responde ante el empleado accidentado, no importando la negligencia en que pudiera haber ocurrido."

Véase, además, Pacheco Pietri y otros v. E.L.A. y otros, 134 D.P.R. (1993), 93 JTS 117; Admor. F.S.E. v. Flores Hermanos Cement Products, 108 D.P.R. 789 (1976); Cruz Rodríguez v. A.A.A., 101 D.P.R. 269 (1973); Vda. de Andino v. A.F.F., 93 D.P.R. 170 (1966).
A tenor con el régimen de compensaciones a obreros establecido por la Ley de Compensaciones por Accidentes del Trabajo, cuando un empleado sufre lesiones o enfermedades o incluso pierde la vida como consecuencia de un acto, función o deber inherente a su trabajo y en el curso del cual se produce el accidente, el derecho del obrero a obtener resarcimiento se encuentra limitado a obtener la compensación que conceda el Fondo del Seguro del Estado (F.S.E.), toda vez que la Ley de Compensaciones por Accidentes del Trabajo confiere al patrono asegurado inmunidad contra acciones derivadas de su responsabilidad civil extracontractual por accidentes de sus empleados en el lugar de trabajo.
En virtud de la exclusividad del remedio establecido, el obrero así lesionado carece, pues, de una causa de acción para demandar a su patrono anta los tribunales de justicia por los daños y perjuicios *1257 sufridos, irrespectivamente de que mediara negligencia y el grado de ésta. Admor. F.S.E. v. Flores Hnos. Cement Products, 107 D.P.R. 789 (1978); Cortijo Walker v. A.F.F., 91 D.P.R. 574 (1964). Sencillamente, "[n]o existe causa de acción". Torres Solis v. A.E.E., 138 D.P.R. _ (1994), 94 JTS 89.
La inmunidad estatutaria, sin embargo, no es aplicable cuando existiendo uno o múltiples patronos, ninguno de ellos cumple con la exigencia del Artículo 19 de la Ley, 11 L.P.R.A. sec. 20, de mantener asegurados a sus obreros. Lugo Sánchez v. A.F.F., 105 D.P.R. 861 (1977). Es decir, todo patrono es responsable no tan sólo del pago del seguro compulsorio para sus empleados, sino que es igualmente responsable del pago de las primas por los obreros del contratista o subcontratista independiente que no estuvieren asegurados.
Esta peculiar situación, la concurrencia de múltiples patronos, se presta a confusión, Torres Solis v. A.E.E., supra, por lo que es necesario distinguir entre el "tercero" responsable y el "patrono"; bien sea este último el patrono directo o el estatutario. La relación contractual es un asunto medular que se tiene que tomar en consideración al atender esta figura. En Torres Solis v. A.E.E., supra, huestro más alto Tribunal, citando a Santiago Hodge v. Parke Davis Co., 126 D.P.R. 1 (1990), 90 JTS 42, sostuvo que:
"[n]o obstante, cuando la lesión, enfermedad o muerte, que origina compensación del obrero ocurre en circunstancias que hicieren responsable a un 'tercerola Ley de Compensaciones por Accidentes del Trabajo no afecta la responsabilidad civil del causante del daño que es ajeno a la relación patrono-empleado. El estatuto no pretende extender la inmunidad contra reclamaciones de obreros a extraños. [...]. En esta situación, se reconoce que tanto el obrero lesionado como el Fondo del Seguro del Estado, en subrogación por los beneficios pagados al empleado, pueden reclamarle judicialmente al tercero. Artículo 31,11 L.P.R.A. see. 32." (Enfasis en el original).
Si el dueño de una obra subcontrata los servicios del patrono real del obrero accidentado, el contratante principal o dueño no es un "tercero", sino "patrono estatutario" que goza dé inmunidad al estar exento de asegurar cuando el contratista independiente estuviera asegurado. Santiago Hodge v. Parke Davis Co., supra; Lugo Sánchez v. A.F.F., supra; Vda. de Costas v. P.R. Olefins, 107 D.P.R. 782, 785 (1978); Rodríguez v. Union Carb. Grafito, Inc., 107 D.P.R. 848, 849-850 (1978).
El tercero, sujeto a ser demandado, es aquella persona ajena y separada de la interacción jurídica que relaciona al patrono estatutario y al F.S.E. en la obligación legal común de asegurar a sus obreros y empleados. Lugo Sánchez v. AFF, supra.
Resulta claro, pues, que la inmunidad patronal consagrada en la Ley de Compensaciones por Accidentes del Trabajo no es extensiva a las reclamaciones de los obreros contra extraños o personas ajenas a la relación obrero-patronal, toda vez que el sistema de compensación no fue diseñado para extender la inmunidad patronal a extraños. Larson, A., Workmen's Compensation, sec. 71, Vol. 2A, 1993; Artículo 31 de la Ley Núm. 135, 11 L.P.R.A. see. 32. En consecuencia, el obrero accidentado puede reclamar del causante del daño mediante una acción en daños y. perjuicios. A tales efectos dispone el Artículo 31 que:

"[ejn los casos en que la lesión, enfermedad profesional o la muerte que dan derecho de compensación al obrero, empleado o sus beneficiarios, de acuerdo con este Capítulo, le hubiere provenido bajo circunstancias que hicieren responsables a tercero de tal lesión, enfermedad o muerte, el obrero o empleado lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios del tercero responsable de dicha lesión, enfermedad o muerte dentro del año subsiguiente a la fecha en que fuere firme la resolución del caso por el Administrador del Fondo del Seguro del Estado [...].

[...]

Por otro lado, si el patrono no está asegurado, la ley permite que el obrero perjudicado o sus beneficiarios insten una acción de daños y perjuicios contra el patrono no asegurado. El término prescriptivo aplicable a esta excepcional causa de acción es el de un año. Artículo 1868 del *1258 Código Civil, 31 L.P.R.A. sec. 5298." Vélez Sánchez v. Comisión Industrial, 107 D.P.R. 797 (1978).
II
Los hechos que dan lugar a la presente causa fueron objeto de atención previa ante este Tribunal de Circuito de Apelaciones, Circuito Regional de Arecibo y Utuado, en la causa Núm. KLCE-95-0397, Carlos Martínez Rodríguez v. Top Notch Temporary Services, Inc. y Bristol-Myers, et al., por lo que sus antecedentes fácticos y procesales son paralelos a los del caso de autos. Veamos.
El Sr. Carlos R. Martínez Rodríguez sufrió un accidente en su lugar de trabajo el 9 de enero de 1992, mientras laboraba en la planta de la recurrente Bristol-Myers, Inc. (Bristol-Myers), en el Municipio de Barceloneta, Puerto Rico. A la fecha del accidente, el demandante, Martínez Rodríguez, era empleado directo de Top Notch Temporary Services, Inc. (Top Notch), una agencia de personal temporero que le había contratado en el mes de septiembre de 1991. Durante los primeros meses en su empleo el obrero se desempeñó como un empleado de línea de empaque manual en la planta de la demandada-recurrente, Bristol-Myers.
El accidente ocurre cuando el señor Martínez Rodríguez operaba una máquina "capper", la cual coloca la tapa a ciertos envases o botellas de medicina, al quedar su mano izquierda atrapada por la cadena rotativa de la máquina. El día del accidente el obrero Martínez Rodríguez fue referido al F.S.E., en donde se le brindó el tratamiento necesario y requerido para tratar las lesiones producidas por el accidente. La naturaleza de la lesión hizo necesario la amputación del remanente de la mano izquierda del obrero lesionado.
El 21 de abril de 1994, luego de recibir el tratamiento médico requerido, el señor Martínez Rodríguez fue dado de alta definitiva por la Corporación del Fondo del Seguro del Estado. La notificación de esta determinación se efectuó el 10 de julio de 1994. Sin embargo, previo a dicha determinación, el 15 de abril de 1993, el F.S.E. resolvió que el patrono directo del obrero lesionado era un "patrono no asegurado" pues nunca sometió ni pagó las primas del seguro gubernamental contra accidentes ocupacionales del F.S.E. La notificación y archivo en autos de tal determinación se efectuó el 6 de mayo de 1993 al lesionado y su patrono Top Notch.
Así las cosas, el obrero lesionado, Martínez Rodríguez, interpuso demanda en daños y perjuicios el 30 diciembre de 1994 contra Top Notch, Bristol-Myers y sus respectivas aseguradoras de nombres desconocidos; es decir, más de un año y siete meses desde la notificación de la determinación de patrono no asegurado, pero dentro del año desde que fuera dado de alta.
III
En agosto de 1995, en aquella primera ocasión que este Tribunal atendió este caso, ordenamos la desestimación de la demanda contra Top Notch por haberse presentado pasado el año desde que el F.S.E. le notificara al obrero que Top Notch no era patrono asegurado. Vega Lozada v. J. Pérez & Cía. Inc., 137 D.P.R. _ (1994), 94 JTS 56. La acción, sin embargo, continuó en el Tribunal de Primera Instancia contra Bristol-Myers como tercero responsable, quien presentó MOCION DE DESESTIMACION arguyendo que como patrono estatutario la acción se encontraba prescrita, pues el término prescriptivo comienza a contar desde que el obrero fuera notificado que su patrono directo no era patrono asegurado.
El Tribunal de Primera Instancia, al resolver, concluyó que Bristol-Myers es un tercero ante el demandante, por lo que la norma de Vega Lozada v. J. Pérez & Cía. Inc., supra, no era de aplicación; razón por la cual la reclamación no estaba prescrita.
IV
A la luz de los hechos reseñados, veamos ahora la procedencia de las defensas de prescripción suscitadas por la recurrente, Bristol-Myers.
Surge de los autos que Top Notch, patrono real y directo, contrató al demandante-recurrido para que ofreciera los servicios requerídosle. Es durante el transcurso de la prestación de esos servicios, en el lugar asignádole en la planta de Bristol-Myers, que ocurre el accidente laboral del señor Martínez Rodríguez. Esta relación contractual existente, pues, requería que el patrono directo del obrero *1259 obtuviere y pagara el seguro compulsorio del F.S.E., lo que no hizo. De igual modo, el patrono indirecto tampoco tenía cubierta con la póliza correspondiente del F.S.E.
Por ello, esa situación particular de hechos permite que el patrono directo pueda ser responsable ante el obrero según el Artículo 1802 del Código Civil, 31 L.P.R.A. see. 5141 y los Artículos 15 y 20 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. secs. 16 y 21, respectivamente; Vélez Sánchez v. Comisión Industrial, 107 D.P.R. 797 (1978). El patrono indirecto, Bristol-Myers, también incumplió su obligación de asegurar al obrero lesionado. El Tribunal de Primera Instancia indicó que ambos patronos habían incumplido con la obligación legal común de asegurar al obrero, aun cuando ambos eran igualmente responsables del pago de la póliza del F.S.E.
Pero concreta y realmente, como veremos, la controversia que tenemos ante nos es determinar, en tales circunstancias, el punto de partida para el inicio del término prescriptivo de la acción de daños y perjuicios. Ello es así porque en estas circunstancias la Ley de Compensaciones por Accidentes del Trabajo no entra en funciones.
Es sabido, como hemos visto, que la Ley.de Compensaciones por Accidentes del Trabajo concede a los patronos asegurados con el F.S.E inmunidad contra acciones de daños y perjuicios por accidentes laborales. En el caso contrario, esa misma disposición, por vía de excepción, autoriza al obrero perjudicado o sus beneficiarios a instar una acción de daños y perjuicios, luego de la investigación de rigor, si resulta que el patrono no está asegurado.
De conformidad con lo dispuesto en ese Artículo 15, supra, segundo párrafo, cuando un patrono deja de asegurar y, por tanto, no queda cubierto por el F.S.E. en cuanto a accidentes del trabajo, el obrero lesionado puede ejercitar una acción en daños y perjuicios contra el patrono "lo mismo que si este Capítulo no fuere aplicable,..". Así queda eliminado el impedimento que existe para el obrero demandar a su patrono y nace para el obrero una causa de acción al recibir la notificación del F.S.E. de que su patrono no está asegurado. Una lectura del Artículo 20 de la mencionada ley nos lleva a igual conclusión al establecer un único remedio en contra del patrono, excepto para-el caso de accidentes, enfermedades o muerte de empleados no sujetos a compensación, pues la responsabilidad en esa situación "es y continuará siendo la misma que si no existiera el presente Capítulo".
Por lo expresado, es claro que la inmunidad patronal que pudo existir por razón de la presunción de que la ley ha sido acatada, cesó al momento en que el obrero recibió notificación que su patrono no estaba asegurado. Fue en ese momento que el obrero recurrido conoció los elementos necesarios para poder ejercer la acción en contra de Top Notch y Bristol-Myers por no estar cubierto por la inmunidad patronal. Vega Lozada v. J. Pérez, supra. A partir de ese momento, difícilmente hubiera podido afirmarse de buena fe que desconocía su derecho a ejercitar la acción en contra de Bristol-Myers o que con un mínimo de diligencia no hubiere podido descubrir. Una determinación en contrario significaría que estaríamos ante una reclamación sin término al dejar pendiente posibles acciones judiciales. Ello permitiría la inseguridad jurídica.
Si la acción en contra de Top Notch está prescrita por haberse ejercitado la acción en exceso del año que provee el Artículo 1868 del Código Civil, por tratarse de un patrono no asegurado, en igual situación se encuentra Bristol-Myers quien también incumplió con la obligación de asegurar. No siendo Bristol-Myers un patrono asegurado, no podía el demandante esperar a que el F.S.E. le diera de alta para presentar su reclamación.
V
Por las consideraciones expresadas, habiendo determinado que el término prescript! yose computa a partir del momento en que el trabajador fue notificado de que su patrono no estaba asegurado, el 15 de abril de 1993, es claro que la demanda presentada el 30 de diciembre de 1994 se encuentra prescrita. En tal caso, el conteo de la prescripción sólo se interrumpió hasta que el F.S.E. cursa al obrero la comunicación al efecto de que su patrono no está asegurado, conforme lo dispone el Artículo 15 de dicha ley.
Se revoca la resolución del Tribunal de Primera Instancia y se ordena la desestimación de la demanda.
*1260 Así lo acordó el Tribunal y lo certifica la Secretaria General.
Aida I. Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 92
1. El Artículo 19 dispone que:

"Todo patrono asegurado, al dar cuenta con sus nóminas anuales, deberá incluir en tales nóminas los salarios pagados a todos los obreros y empleados que estuvieren trabajando o fuere a emplear, bien por ajuste, o ya bajo una persona con quien ajustó el patrono o bajo un contratista o subcontratista independiente empleado o contratado por dicho patrono, y toda cuenta, o impuesto cobrado por el Estado se basará sobre la nómina corriente del patrono, en las cuales deberán estar incluidos los trabajadores antes mencionados; [...] esta disposición no será aplicable a los patronos para quienes se hiciere trabajo por un contratista independiente que estuviere asegurado como patrono de acuerdo con las disposiciones de este Capítulo."

2. En Vega Lozada v. J. Pérez & Cía., 137 D.P.R. _ (1994), 94 JTS 56, el Tribunal Supremo señaló, en relación a esta causa de acción, que:

"[l]a acción de daños y perjuicios en contra de un patrono no asegurado, como hemos señalado, es de naturaleza excepcional, y está basada esencialmente en el hecho fundamental de que el patrono no está asegurado por el Fondo. De otro modo, no existiría esta particular causa de acción, ya que dicho patrono estaría protegido por la inmunidad patronal que provee la ley. En vista de ello, como cuestión de realidad práctica, el conocimiento de si el patrono estaba asegurado o no adquiere especial importancia al momento en que se contempla incoar la acción. Procede entonces determinar qué efecto —si alguno— tiene dicho conocimiento en cuanto al término prescriptivo de esta acción."

3. En esta misma fecha, 10 de julio de 1994, alega el demandante-recurrido, fue que conoció que su patrono indirecto tampoco lo tenía cubierto con una póliza del F.S.E.
4. Las partes no incluyeron como parte del legajo el contrato entre Top Notch y Bristol-Myers.
5. La inmunidad patronal favorece a ambos patronos, directo o indirecto, cuando cualquiera de ellos hubiere cumplido con las exigencias de ley. Torres Solís v. A.E.E., supra.
6. El recurso fue expedido el 13 de mayo de 1996.