*1056 TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos Eduardo Quirch Rodríguez, et. ais., parte demandada-peticionaria, y nos solicita la revisión de una Resolución emitida por el Tribunal de Primera Instancia, Sala de Carolina (Hon. Eva Araya de Martínez, Juez), el 28 de febrero de 2002, notificada y archivada en autos el 26 de marzo de 2002. Mediante dicha determinación, el Tribunal de Primera Instancia declaró No Ha Lugar la Moción en Solicitud de Sentencia Sumaria presentada por la parte demandada-peticionaria argumentando que existen hechos en controversia que ameritan la celebración de una vista evidenciaría.
Luego de estudiados los hechos y el derecho aplicable se expide el auto de certiorari se revoca la resolución recurrida, pues se resuelve que el patrono, Oriente Comercial, Inc., es acreedor a la inmunidad patronal que establece la Ley del Sistema de Compensaciones por Accidentes del Trabajo.
I
El 9 de diciembre de 1997, ocurrió un incendio en el almacén de la empresa Oriente Comercial, Inc., mientras uno de sus empleados cortaba con acetileno un pedazo de metal, en el cual perecieron sus empleados, Jaime Rafael Camaño Rivera y Gadiel Eliz Ramos Romero, los cuales se encontraban al momento de su muerte en el desempeño de sus funciones. A consecuencia del incendio, las oficinas de Oriente Comercial, Inc. quedaron destruidas, por lo cual la compañía ceso operaciones.
Así las cosas, el 9 de diciembre de 1998, la Sucesión Jaime Rafael Camaño y la Sucesión Gadiel E. Ramos Romero presentaron ante el Tribunal de Primera Instancia demanda en daños y perjuicios contra Eduardo Quirch Rodríguez, Eduardo Quirch Franco, Oriente Comercial, Inc., Compañía de Seguros ABC, Fulano Nevera, Fulano de Tal y Mengano Mas Cual. Mediante dicha demanda, reclamaron el pago de tres millones de dólares ($3,000,000.00) a ser pagados solidarios por concepto de los daños sufridos.
El 4 de agosto de 1999, la parte demandada-peticionaria presentó ante el Tribunal de Primera Instancia Moción en Solicitud de Sentencia Sumaria, en la cual alegó que la muerte de Camaño Rivera y Ramos Romero sucedió a consecuencia de un accidente del trabajo al propagarse rápidamente un incendio que comenzó en las neveras de Oriente Comercial, Inc. lo que provocó que los empleados que se encontraban en el área en la cual comenzó el fuego, en el desempeño de sus funciones, fueran atrapados por el humo provocándoles así su muerte. Entre los documentos que la parte demandada-peticionaria acompañó con su moción de sentencia sumaria se encuentran: Certificado del Fondo del Seguro del Estado acreditando que Oriente Comercial, Inc. tenía vigente su póliza número 35-1-20-53564; Certificado de Inspección del 22 de enero de 1977 con vigencia de un año expedido por el Negociado de Prevención de Incendios de los Bomberos de Puerto Rico, el cual establece que las facilidades de Oriente Comercial, Inc. cumplían con todos los requisitos de prevención y protección contra incendios exigidos por el Cuerpo de Bomberos de Puerto Rico para dicho tipo de establecimiento; certificación de 22 de enero de 1997 de ESC Alarms Inc. respecto al sistema de alarmas de fuego instalado en las facilidades de Oriente Comercial, Inc. También se incluyó copia del informe de 10 de diciembre de 1997 que rindió la Oficina de Salud y Seguridad Ocupacional en el Empleo del Departamento del Trabajo y Recursos Humanos de Puerto Rico la cual establece que Oriente Comercial, Inc. no violó ninguna de las disposiciones de la ley de Salud y *1057 Seguridad Ocupacional. Además, se incluyó copia del Reglamento General de Empleados que tenía vigente al momento de los hechos Oriente Comercial, Inc. respecto a las áreas de no fumar, notificación de situaciones irregulares, reglas de seguridad y la prevención de incendios.
El 23 de noviembre de 1999, la parte demandante-recurrida presentó ante el Tribunal de Primera Instancia Moción en Tomo a Solicitud de Sentencia Sumaria y Solicitud de Descubrimiento de Prueba. La parte demandante-recurrida solicitó que se le permitiera realizar descubrimiento de prueba para poderse oponer adecuadamente a la moción de sentencia sumaria presentada por la parte demandada-peticionaria. El 23 de noviembre de 1999, la parte demandante-recurrida le solicitó al foro de primera instancia que le concediera un término de sesenta (60) días para realizar el descubrimiento de prueba pertinente. El 13 de diciembre de 2000, ante la incomparecencia de la parte demandante-recurrida respecto a la moción de sentencia sumaria, el Tribunal de Primera Instancia le ordenó que presentara su oposición en el término de diez (10) días y que de lo contrario daría por sometida la solicitud de sentencia sumaria y procedería a resolver conforme a derecho.
Finalmente, el 12 de enero de 2001, la parte demandada-peticionaria presentó su Moción en Oposición a la Solicitud de Sentencia Sumaria. El 17 de diciembre de 2001, la parte demandada-peticionaria presentó Moción Informativa y Réplica a Moción en Oposición a Sentencia Sumaria en la que se argumentó que la parte demandante-recurrida no ha presentado documento alguno que controvirtiera los planteamientos expuestos por la parte demandada-peticionaria en su Moción de Sentencia Sumaria, ya que solamente descansa en las aseveraciones contenida en sus alegaciones, no pudiendo derrotar así la moción de sentencia sumaria.
El 28 de febrero de 2002, el Tribunal de Primera Instancia emitió una orden en la cual declaró No Ha Lugar la Moción en Solicitud de Sentencia Sumaria presentada por la parte demandada-peticionaria argumentando que existen hechos en controversia que ameritan la celebración de una vista evidenciaría. Inconforme, la parte demandada-peticionaria con dicha determinación, presentó el 10 de abril de 2002, Moción en Solicitud de Reconsideración. El 16 de abril de 2002, luego del Tribunal de Primera Instancia acoger la moción de reconsideración, le ordenó a la parte demandante-recurrida que en el término de quince (15) días reaccionara a la misma. El 30 de julio de 2002, la parte demandante-recurrida radicó su Oposición a la Solicitud de Reconsideración. El 6 de agosto de 2002, la parte demandada-peticionaria presentó su Réplica a la Oposición a Solicitud de Reconsideración. Por lo que, la parte demandante-recurrida presentó Duplica a Réplica a la Oposición a Solicitud de Reconsideración. El 23 de septiembre de 2002, el Tribunal de Primera Instancia declaró No Ha Lugar la Moción en Solicitud de Reconsideración.
El 3 de diciembre de 2002, la parte demandada-peticionaria, inconforme con dicha determinación, presentó recurso de certiorari. En el mismo planteó que se cometieron los siguientes errores:

“Erró el Honorable Tribunal de Instancia al resolver que existen hechos en controversia que ameritan la celebración de una vista evidenciaría.

Erró el Honorable Tribunal de Instancia al no declarar Ha Lugar la Moción de Sentencia Sumaria cuando el demandado-peticionario goza de inmunidad patronal. ”

El 17 de diciembre de 2002, una vez este Tribunal atendió el recurso de certiorari, emitió una Resolución concediéndole a la parte demandante-recurrida un término de veinte (20) días, luego de que acreditara haber notificado el recurso al Tribunal de Primera Instancia, para que presentara su escrito en oposición al recurso, en especial sobre el argumento esbozado por la parte demandada-peticionaria en cuanto al descubrimiento de prueba a tenor con lo resulto en Santiago Rivera v. Ríos Alonso, Opinión de 7 de febrero de 2002, 2002 J.T.S. 21. El 29 de enero de 2003, la parte demandante-recurrida presentó su Oposición a Recurso de Certiorari.
Habiendo comparecido ambas partes y presentado sus correspondientes alegatos, nos encontramos en *1058 posición de resolver. Procedemos así hacerlo.
II
A. La moción de sentencia sumaria
La sentencia sumaria que procede cuando la parte promovente le demuestra al tribunal que no existe necesidad de que se celebre una vista evidenciaría del caso en su fondo. Mgmt. Ad. Serv. Corp. v. E.L.A.; Opinión de 29 de noviembre de 2000, 2000 J.T.S. 189, a la pág. 440; Pilot Life Ins. Co. v. Crespo Martínez, 136 D.P.R. 624, 632 (1994); Medina v. M.S. & D. Química P.R., Inc., 135 D.P.R. 716, 726 (1994). Solamente debe ser dictada una sentencia sumaria “en casos claros, cuando el Tribunal tenga ante sí la verdad sobre todos los hechos pertinentes. ” Benítez Esquilín v. Johnson & Johnson, Opinión de 30 de septiembre de 2002, 2002 J.T.S. 137; PFZ Properties, Inc. v. General Accident Insurance Co., 136 D.P.R. 881, 911-912 (1994); Corp. Presiding Bishop C.J.C. of L.D.S. v. Purcell, 117 D.P.R. 714, 720-721 (1986).
Reiteradamente, el Tribunal Supremo ha resuelto que la sentencia sumaria sólo debe concederse cuando no hay una genuina controversia sobre hechos materiales y el tribunal se convence que tiene ante sí la verdad de todos los hechos pertinentes. Mgmt. Ad. Serv. Corp. v. E.L.A., supra; Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 D.P.R. 563, 575 (1997); Corp. Presiding Bishop CJC of LDS v. Purcell, supra. Esto es, la sentencia sumaria procede cuando de los documentos no controvertidos que se acompañan con la moción, surge que no existe una legítima disputa de hecho que dirimir y tan sólo resta aplicar el derecho. Id. Cualquier duda respecto a la existencia de una controversia sobre los hechos materiales, debe resolverse contra la parte promovente. Mgmt. Ad. Serv. Corp. v. E.L.A., supra; Audiovisual Lang. v. Sist. Est. Natal Hnos., supra. Para resolver una moción de sentencia sumaria, el principio rector debe ser “[e]l sabio discernimiento... para su uso porque, mal utilizada, puede prestarse para desalojar a un litigante de ‘su día en corte, ’ principio elemental del debido proceso de ley. ” Mgmt. Ad. Serv. Corp. v. E.L.A., supra, a la pág. 441; Roig Com. Bank v. Rosario Girino, 126 D.P.R. 613, 617 (1990).
El propósito de la moción de sentencia sumaria es “propiciar la resolución justa, rápida y económica de litigios que no presentan controversias genuinas de hechos materiales, por lo tanto no ameritan la celebración de un juicio en su fondo. ” Santiago Rivera v. Ríos Alonso, Opinión de 7 de febrero de 2002, 2002 J.T.S. 21; Pilot Life Ins. Co. v. Crespo Martínez, 136 D.P.R. 624, 632 (1994).
La Regla 36.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, establece que se podrá dictar sentencia sumaria “si las alegaciones,... [deposiciones], contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostrasen que no hay controversia real sustancial en cuanto a ningún hecho natural y que como cuestión de derecho debe dictarse sentencia sumaria ... Dicha sentencia podrá dictarse a favor o en contra de cualquier parte en el pleito. ” Véase: PFZ Properties, Inc. v. General Accident Insurance Co., supra, a la pág. 911; Corp. Presiding Bishop C.J.C. of L.D.S. v. Purcell, supra, a las págs. 719-720.
Mediante dicho mecanismo procesal, se pretende obtener un remedio rápido y eficaz en casos en que queda demostrado que no existe una controversia sobre hechos materiales del litigio. Véase: Revlon Realistic, Inc. v. Las Américas Trust Company, 135 D.P.R. 363, 376 (1994); Rivera et. al. v. Superior Pkg., Inc. et. al., 132 D.P.R. 115, 133 (1992); Tello, Rivera v. Eastern Airlines, 119 D.P.R. 83, 86 (1987). Ahora bien, el objetivo de aligerar la tramitación de un caso no puede derrotar el principio fundamental de todo proceso ante un tribunal: alcanzar una solución justa. Santiago Rivera v. Ríos Alonso, supra; PFZ Properties, Inc. v. General Accident Insurance Co., supra; Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. 272, 279 (1990).
Al dictar sentencia sumaria, el tribunal: (1) analizará los documentos que acompañan la moción solicitando la sentencia sumaria y los documentos incluidos con la moción en oposición y aquéllos que obren en el expediente *1059 del Tribunal; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. Mgmt. Ad. Serv. Corp. v. E.L.A., supra, a la pág. 441; PFZ Properties, Inc. v. General Accident Insurance Co., supra, a la pág. 913.
Un Tribunal no deberá dictar sentencia sumaria cuando: (1) existen hechos materiales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. Rivera Báez v. Jaime Andújar, Opinión de 28 de junio de 2002, 2002 J.T.S. 107; PFZ Properties, Inc. v. General Accident Insurance Co., supra, a las págs. 913-914; Corp. Presiding Bishop C.J.C. of L.D.S. v. Purcell, supra, a las págs. 722-723; Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. 272, 280 (1990).
B. El patrono asegurado y la inmunidad patronal
La Constitución del Estado Libre Asociado de Puerto Rico en su Carta de Derechos, Artículo II, Sección 16, reconoce el derecho de todo trabajador a estar protegido contra riesgos a su salud en su trabajo o empleo. 1 L.P.R. A. Véase además: Artículo la de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. la.
El 18 de abril de 1935, se creó la Ley Núm. 45, mejor conocida como la Ley del Sistema de Compensaciones por Accidentes del Trabajo. 11 L.P.R.A. sec. 1 y ss. Este estatuto se distingue y caracteriza por su naturaleza remedial, cuyo objetivo es proveer al obrero ciertas protecciones y beneficios en el contexto de accidentes ocurridos en el lugar de empleo. Gúzman Cotto y otros v. E.L.A. y otros, Opinión de 7 de mayo de 2002, 2002 J.T.S. 65, a la pág. 1068; Cátala Meléndez v. Soto Ríos, Opinión de 14 de abril de 1999, 99 J.T.S. 61, a la pág. 894; Soc. de Gananciales v. Royal Bank de P.R., 145 D.P.R. 178, 194 (1998). Con este fin, establece un esquema de seguro compulsorio cuya finalidad es “proveerle a los obreros que sufren alguna lesión o enfermedad que ocurra en el curso del trabajo y como consecuencia del mismo, un remedio rápido y eficiente libre de las complejidades de una reclamación ordinaria en daños. ” Id.; Soc. de Gananciales v. Royal Bank de P.R., supra; Pacheco Pietri y otros v. E.L.A. y otros, 133 D.P.R. 907, 914 (1993). Lo anteriormente expuesto se trata de un esquema que establece una responsabilidad objetiva y social que pretende evitar que los obreros queden en una situación de desamparo al tener que demostrar judicialmente la negligencia del patrono para poder obtener algún tipo de indemnización. Soc. de Gananciales v. Royal Bank de P.R., supra, a la pág. 194; Santiago Hodge v. Park Davis Co., 126 D.P.R. 1, 9 (1990).
El Artículo 2 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, según enmendada, 11 L.P.R.A. sec. 2, dispone respecto a los obreros y empleados que cobija dicha ley que:

“§2. Obreros y empleados comprendidos en este Capítulo

Las disposiciones de este Capítulo serán aplicables a todos los obreros y empleados que trabajen para los patronos a quienes se refiere el párrafo siguiente, que sufran lesiones o se inutilicen, o que pierdan la vida por accidentes que provengan de cualquier acto o función inherente a su trabajo o empleo y que ocurran en el curso de éste, y como consecuencia del mismo o por enfermedades o muertes derivadas de la ocupación, según se especifican en la see. 3 de este título. Se exceptúan expresamente aquellos obreros y empleados cuya labor sea de carácter accidental o causal y no esté comprendida dentro del negocio, industria, profesión u ocupación de su patrono y además aquellas personas que trabajen en sus domicilios.

Este capítulo, por ser de carácter remedial, se interpretará liberalmente, y cualquier duda razonable que en su aplicación surgiere en cuanto a la existencia de relación causal entre el trabajo u ocupación del obrero o empleado y la lesión, incapacidad o muerte, o el carácter ocupacional de una enfermedad, deberá resolverse a favor del obrero o empleado, o sus beneficiarios.

*1060 Este Capítulo será aplicable a todo patrono que emplee uno o más obreros o empleados comprendidos en el mismo, cualquiera que sea su salario. [...]” [Enfasis Suplido.]
Este Artículo 2 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, supra, establece que quedan cubiertos bajo sus disposiciones todos los obreros o empleados que: (1) sufran lesiones o se inutilicen o que pierdan la vida por accidentes que provengan de cualquier acto o función inherente a su trabajo o empleo; (2) que ocurran en el curso de éste y (3) como consecuencia de él. Reyes Vda. de Morales v. Policía de P.R., 142 D.P.R. 180, 184 (1996); Pacheco Pietri y otros v. E.L.A. y otros, supra, a la pág. 916; Díaz Ortiz v. F.S.E., 126 D.P.R. 32, 38 (1990); Odriozola v. U. S. Cosmetic Dist. Corp., 116 D.P.R. 485, 501 (1985); Admor., F.S.E. v. Comisión Industrial, 101 D.P.R. 56, 58 (1973).
Por otro lado, el Artículo 20 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 21, establece respecto a la exclusividad de los remedios que establece dicha ley que:

‘‘§21. Exclusividad del remedio provisto

Cuando el patrono asegure sus obreros y empleados de acuerdo con el presente Capítulo, el derecho aquí establecido para obtener compensación será el único remedio en contra del patrono, aun en aquellos casos en que se ha otorgado el máximo de las compensaciones o beneficios de acuerdo con el mismo; pero en el caso de accidentes, enfermedades o muertes de los obreros o empleados no sujetos a compensación de acuerdo con este Capítulo, la responsabilidad del patrono es y continuará siendo la misma que si no existiere el presente Capítulo. ” [Enfasis suplido.]
Sabido es que un empleado accidentado en su trabajo no puede demandar en daños y peijuicios a su patrono asegurado bajo las disposiciones de la Ley de Compensaciones por Accidentes del Trabajo. Torres Solís et al. v. A.E.E. et als., 136 D.P.R. 302, 308 (1994). La Ley de Compensaciones por Accidentes del Trabajo le otorga al patrono asegurado inmunidad frente a acciones civiles de daños y perjuicios que pudieran presentar los empleados lesionados en su contra, independientemente de la negligencia patronal que haya mediado; es decir, la ley priva de esa causa de acción a los empleados cuando el patrono haya cumplido con su obligación legal de asegurar sus trabajos ante el Fondo. Martínez v. Bristol Myers, Inc., 147 D.P.R. 383, 395 (1999); Admor. F.S.E. v. Flores Hnos. Cement Prods., 107 D.P.R. 789, 792 (1978); Cruz Rodríguez v. A.A.A., 101 D.P.R. 269, 270 (1973); Viuda de Andino v. A.F.F., 93 D.P.R. 170, 181 (1966).
En cuanto a la inmunidad que confiere la Ley del Sistema de Compensaciones por Accidentes del Trabajo a patronos asegurados, enfáticamente se ha expresado que ésta tiene un carácter absoluto. Gúzman Cotto y otros v. E.L.A. y otros, supra, a la pág. 1069; Soc. de Gananciales v. Royal Bank de P.R., supra, a la pág. 195; Admor. F.S.E. v. Flores Hnos. Cement Prods., supra. Asimismo, se ha dejado establecido que contra un patrono asegurado no existe causa de acción alguna relacionada con la lesión ocurrida en el empleo y como consecuencia de éste, independientemente del grado de negligencia atribuible al patrono. Soc. De Gananciales v. Royal Bank de P.R., supra; Torres Solís et als. v. A.E.E. et als., supra; Santigo Hodge v. Park Davis Co., supra, a la pág. 8; Vda. de Andino v. A.F.F., supra. De este modo, el único remedio que tiene el obrero ante un accidente durante el curso del empleo cuando su patrono está asegurado, es el que provee el Artículo 20 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, supra. Soc. De Gananciales v. Royal Bank de P.R., supra; Santigo Hodge v. Park Davis Co., supra; Ruiz Díaz v. Vargas Reyes, 109 D.P.R. 761, 764 (1980).
Para decidir cuándo un patrono está cubierto por la inmunidad patronal que confiere la ley, sólo, es necesario determinar si el obrero ha sufrido un accidente dentro del ámbito de la cubierta de la ley. Para esto es preciso examinar si éste se origina como resultado de realizar una función inherente al trabajo “o que ocurra o se agrave en el caso de éste. ” Soc. de Gananciales v. Royal Bank de P.R., supra, a la pág. 197; Alonso García *1061 v. Comisión Industrial, 102 D.P.R. 689, 699 (1974). De modo, que el patrono pueda evaluar si existe un nexo o una relación causal entre la lesión o muerte del obrero y su trabajo. Soc. de Gananciales v. Royal Bank de P.R., supra; Pacheco Pietri v. E.L.A., supra.
Para determinar si un accidente es o no compensable amparándose en la Ley de Compensaciones por Accidentes del Trabajo, hay que considerar, entre otros, los siguientes factores: (1) si se trata de un requisito del trabajo y si se hizo por órdenes del patrono, o si por el contrario se trata de un acto voluntario del obrero, aunque mediara una gestión del patrono; (2) si se realiza para beneficio del patrono o a su requerimiento, y (3) si se hace en cumplimiento de una ley o reglamentación como condición para obtener o conservar el empleo. Pacheco Pietri y otros v. E.L.A. y otros, supra, a la pág. 919 (1993); Atiles Moreu, Admor. v. Comisión Industrial, 85 D.P.R. 218, 224 (1962). Como podrá observarse, son elementos esenciales en la determinación del carácter compensable de un accidente de esta naturaleza, el que éste haya sido el resultado de algún apremio del patrono y que el patrono haya derivado algún beneficio de tal acto. Pacheco Pietri y otros v. E.L.A. y otros, supra.
No obstante lo anteriormente expuesto, se han reconocido, a modo de excepción, ciertas instancias en las que un patrono puede ser responsable ante la reclamación civil establecida por un empleado lesionado, ello a pesar de la existencia de la doctrina de la inmunidad patronal. Gúzman Cotto y otros v. E.L.A. y otros, supra. A tales efectos, tanto la propia ley como la jurisprudencia han establecido que la inmunidad patronal no es eximente cuando: 1) el daño sufrido por el obrero se debe a un acto intencional y/o discriminatorio del patrono; 2) cuando el patrono del obrero que sufre el accidente en el escenario del trabajo no está asegurado; ó 3) el patrono demandado hubiera actuado en virtud de doble capacidad o personalidad. Id. En tales casos, el patrono responderá civilmente ante los tribunales e indemnizará al empleado que haya sufrido el “accidente del trabajo.” Id.
III
La parte demandada-peticionaria nos plantea que erró el Tribunal de Primera Instancia al declarar No Ha Lugar su moción de sentencia sumaria arguyendo que existen hechos en controversia que ameritan la celebración de una vista evidenciaría cuando dicha parte goza de inmunidad patronal. Dicho señalamiento de error se cometió. Veamos por qué.
La parte demandante-recurrida argumentó en su oposición a la moción de sentencia sumaria que en el caso de autos existe ausencia total de prueba que establezca el nexo causal entre las funciones inherentes al empleo de Camaño Rivera y Ramos Romero y el accidente ocurrido. Al respecto, sostiene la parte demandante-recurrida que el incendio en el cual perecieron Camaño Rivera y Ramos Romero no surgió por ningún acto o función de los empleados fallecidos, sino, por el contrario, de un alegado acto negligente del patrono al efectuar una actividad inherentemente peligrosa como lo es el cortar con acetileno unas piezas de metal cerca de material flamable.
Del análisis del expediente ante nuestra consideración surge que para el 9 de diciembre de 1997, fecha en que ocurrió el incendio, Oriental Comercial, Inc. tenía vigente la póliza número 35-1-20-53564 del Fondo del Seguro del Estado, siendo así un patrono asegurado cubierto por la Ley del Sistema de Compensaciones por Accidente del Trabajo. (Ap. Certiorari, a la pág. 41) Además, surge que Camaño Rivera y Ramos Romero, empleados que murieron a consecuencia del fuego, se encontraban al momento de los hechos en el desempeño de sus funciones, hecho así admitido por la parte demandante-recurrida en su alegación número once (11) de la demanda. (Ap. Certiorari, a las págs. 8-9)
Oriente Comercial, Inc., como patrono asegurado, goza de inmunidad frente a acciones civiles de daños y perjuicios que puedan presentarse en su contra a consecuencia de accidentes que surjan de cualquier acto o función inherente a su trabajo o empleo y que ocurra en el curso de éste. Además, esta doctrina de inmunidad *1062 patronal opera aun cuando el accidente ocurra por actuaciones de otros empleados que no son los afectados. Véase: Pacheco Pietri y otros v. E.L.A. y otros, supra. Si analizamos los hechos del caso, esto fue lo que ocurrió. En el caso de autos, Oriente Comercial, Inc., para benefició suyo, le ordenó a un empleado que cortara una pieza de metal con acetileno y al hacerlo se creó una chispa que ocasionó el incendio provocando así la muerte de Camaño Rivera y Ramos Romero. Por lo tanto, al ser el acto que ocasionó el incendio una orden del patrono para su beneficio, es forzoso concluir que existió el nexo causal entre la función inherentemente de trabajo y el accidente ocurrido.
No obstante lo anteriormente expuesto, la parte demandante-recurrida plantea que existe controversia de hechos que impide la adjudicación del caso por medio del mecanismo de la sentencia sumaria. Sin embargo, la parte demandada-peticionaria no pudo controvertir las alegaciones hechas por la parte demandada-peticionaria en su moción de sentencia sumaria. Oriente Comercial, Inc. es un patrono asegurado y la muerte de Camaño Rivera y Ramos Romero ocurrió en el desempeño de sus funciones, por lo que la parte demandante-recurrida no tiene una acción en daños y perjuicios contra el patrono y su único remedio disponible es el del Artículo 20 de Ley de Compensaciones por Accidentes del Trabajo, supra. Por lo tanto, erró el Tribunal de Primera Instancia al no dictar sentencia sumaria a favor de la parte demandada-peticionaria y disponer que se tenía que celebrar una vista evidenciaría cuando dicha parte en realidad goza de inmunidad patronal. Debido a que en el caso de autos quedó demostrado que no había la necesidad de celebrar una vista evidenciaría y siendo la controversia planteada ante el Tribunal de Primera Instancia una cuestión estrictamente de derecho y no de hechos, procedía que se declarara con lugar la moción de sentencia sumaria presentada por la parte aquí demandada-peticionaria.
IV
Por los fundamentos anteriormente expuestos, se expide el recurso de certiorari, se revoca la resolución recurrida, pues el patrono, Oriente Comercial, Inc., es acreedor de la Inmunidad patronal contenida en el Artículo 20 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo y se ordena la desestimación de la demanda.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General