CC-97-762                                                        1

En el Tribunal Supremo de Puerto Rico

| Carmen S. Hernández Sánchez y otros Recurridos v. Bermúdez & Longo, SE y otros Peticionarios | Certiorari 99 TSPR 156 |
|---|---|

Número del Caso: CC-1997-0762

Abogados de la Parte Peticionaria: Lcdo. Marcos Valls Sánchez
                                   Lcda. Adriana E. Pou Porrata-Doria

Abogados de la Parte Recurrida:    Lcdo. Juan R. Requena Dávila
                                   Lcdo. Alvaro R. Calderón Mongil

Abogado de la A. De Carreteras:    Lcdo. Jorge Luis Suárez

Abogado de Caribbean Construction: Lcdo. Fernando Barnes Vélez

Departamento de Justicia:          Sra. Lydia Rivera Matos

Tribunal de Circuito de Apelaciones: Circuito Regional I

Juez Ponente: Hon. Miguel A. Giménez Muñoz

Fecha: 14/10/1999

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carmen S. Hernández Sánchez
y otros

     Demandantes-recurridos

        v.

Bermúdez & Longo, S.E.

     Demandado-peticionario

Caribbean Construction y otros

     Codemandados

             CC-97-762    Certiorari

PER CURIAM

San Juan, Puerto Rico, a 14 de octubre de 1999

I

Cecilio Díaz Cardona falleció el 21 de septiembre de 1995 mientras realizaba labores en un proyecto de construcción. Las paredes de la zanja en que trabajaba se derrumbaron, causándole un severo trauma corporal mortal. Díaz Cardona trabajaba para Bermúdez & Longo S.E. (Bermúdez & Longo), entidad que había sido subcontratada por Caribbean Construction Inc. (Caribbean) y ésta a su vez, por la Autoridad de Carreteras de Puerto Rico (Autoridad), para la construcción de un proyecto en la Avenida Muñoz Rivera, Municipio de San Juan.

Por tratarse de un accidente del trabajo y encontrarse Bermúdez & Longo asegurado por el Fondo

del Seguro del Estado, esta agencia declaró compensable la muerte de Díaz Cardona y ordenó el pago de ciertas sumas de dinero a sus beneficiarios.

El 20 de junio de 1996, la viuda, Sra. Carmen S. Hernández Sánchez e hijos de Díaz Cardona presentaron demanda en daños y perjuicios contra Bermúdez & Longo, Caribbean y la Autoridad. Alegaron que la muerte fue causada por la negligencia crasa y grave de Bermúdez & Longo al no adoptar medidas mínimas de seguridad para proteger la vida de sus empleados. Contra Caribbean y la Autoridad expusieron que, debido a su interés en adelantar los trabajos, fueron negligentes al no exigir cumplimiento de las normas de seguridad. Argumentaron que la conducta de las demandadas no estaba cobijada por la exclusividad de remedios estatuída en el Art. 20 de la Ley de Compensaciones por Accidentes del Trabajo. 11 L.P.R.A. sec. 21. En la alternativa solicitaron sentencia declaratoria decretando su inconstitucionalidad por hallarse en contravención con las disposiciones del Art. II, Sec. 16 de nuestra Constitución.

En sus respectivas contestaciones, Bermúdez & Longo, Caribbean y la Autoridad levantaron la defensa de inmunidad patronal. Sobre el reclamo de inconstitucionalidad, el Estado Libre Asociado de Puerto Rico (E.L.A.), a través del Secretario de Justicia, mediante comparecencia especial planteó que no era totalmente necesario dilucidarlo bajo la normativa de que los tribunales debían abstenerse de

abordar este tipo de controversia, si de los hechos surgía que el caso podía resolverse mediante análisis estatutario válido. Solicitó se le relevara de comparecer hasta tanto fuera menester ventilar la cuestión constitucional, en cuyo momento, se le debía conceder término razonable para exponer su posición. Por su parte, Hernández Sánchez, et al., informaron no oponerse a dicho pedido.

Seguidamente, tanto Bermúdez & Longo como Caribbean solicitaron sentencia sumaria. Bermúdez & Longo señaló que gozaba de inmunidad patronal por ser patrono protegido; Caribbean, patrono estatutario también protegido como contratista del proyecto de construcción que subcontrató a Bermúdez & Longo para realizar el trabajo eléctrico.

Los demandantes Hernández Sánchez, et als., se opusieron y argumentaron que, a base de cierta evidencia que tenían, podía entenderse que Bermúdez & Longo había incurrido en negligencia crasa, situación que a su juicio constituía una excepción a la inmunidad patronal. En contra, Caribbean levantó que la única excepción a la inmunidad patronal era demostrar que el accidente o lesión fue intencional. La Autoridad cuestionó la jurisdicción del Tribunal de Primera Instancia por tratarse de un accidente del trabajo compensable.

Oportunamente dicho foro (Juez, Hon. Gloria M. Iagrossi), denegó la sentencia sumaria "por entender que existe controversia real sobre los hechos y el Tribunal tendría que entrar en una vista en sus méritos". No

conforme, Bermúdez & Longo presentó _certiorari_ ante el Tribunal de Circuito de Apelaciones.

En oposición al recurso, los demandantes Hernández Sánchez, _et als._, expusieron que al momento del accidente, por su grado de inclinación y humedad del terreno, las paredes de la zanja donde trabajaba Díaz Cardona necesitaban protección contra derrumbe. Además, que había llovido la noche anterior y día del accidente y, las vibraciones que producían los vehículos que por allí transitaban eran lo suficientemente fuertes para ayudar al movimiento de la tierra. Ante estos factores, sostuvieron que era evidente que, tarde o temprano, las paredes de la excavación colapsarían, y siendo Bermúdez & Longo compañía de gran experiencia, no podía imputarse desconocimiento de esa gran probabilidad. Abogaron de que la actitud de Bermúdez & Longo equivalía a una negligencia crasa que debía considerarse como "acto intencional", por lo cual no aplicaba la inmunidad patronal.

Por su parte, Bermúdez & Longo reiteró que no existía controversia de hechos y que la negligencia crasa era solamente un grado de negligencia que no constituía una excepción a la inmunidad patronal.

El Tribunal de Circuito de Apelaciones, denegó el recurso y ordenó la continuación del caso en Instancia. En _certiorari_ ante nos, Bermúdez & Longo reproduce su petición. Revisamos.

II

Desde que fue aprobada la Ley de Compensaciones por Accidentes del Trabajo, cuando un empleado sufre lesiones, enfermedades, se inutiliza o pierde la vida como consecuencia de "cualquier acto o función inherente a su trabajo" –y su patrono está asegurado de acuerdo a la ley–, su derecho a obtener resarcimiento se limita a la compensación dispuesta, la cual es administrada a través del Fondo del Seguro del Estado. (11 L.P.R.A. secs. 2 y 21). "El obrero así lesionado carece de una causa de acción para demandar a su patrono ante los tribunales de justicia por los daños y perjuicios sufridos, **irrespectivamente del grado de negligencia patronal que pueda haber mediado.**" Santiago Hodge v. Parke Davis Co., 126 D.P.R. 1, 8 (1990).

Reiteradamente hemos decidido que bajo nuestro estado de derecho no existe duda de que la exclusividad del remedio establecida en el Artículo 20 de la Ley es de **carácter absoluto**. Administrador del Fondo del Seguro del Estado v. Flores, 107 D.P.R. 789, 792 (1978); Cruz Rodríguez v. A.A.A., 101 D.P.R. 269, 270 (1973); B.C.R. Co., Inc. v. Tribunal Superior, 100 D.P.R. 754, 758 (1972); Vda. De Andino v. A.F.F., 93 D.P.R. 170, 181 (1966). Desde Cortijo Walker v. Fuentes Fluviales, 91 D.P.R. 574, 580 (1964), advertimos un "definitivo criterio del Legislador de no conceder acción general de daños por concepto alguno contra el patrono **cualquiera que fueren sus actuaciones en**

**la esfera aquiliana y el grado de culpa o negligencia**".[1] Así también, en Ruiz Díaz v. Vargas Reyes, 109 D.P.R. 761, 764 (1980) sentenciamos que la exclusividad del remedio está declarada en la Ley "al ordenar que siempre que el patrono asegure sus obreros y empleados, el derecho a compensación provisto en el estatuto será el **único remedio en contra del patrono**".

No obstante, por excepción, la exclusividad de remedio no aplica a lesiones del obrero producidas **intencionalmente** por el patrono. En esa situación, pueden reclamar civilmente por daños y perjuicios para obtener resarcimiento. Segarra Hernández v. Royal Bank, res. en 1 de abril de 1998, 98 TSPR 36; Odriozola v. S. Cosmetic Dist. Corp., 116 D.P.R. 485, 501 (1985).

III

En el caso ante nos, los demandantes Hernández Sánchez, et als., alegaron que la conducta de Bermúdez & Longo fue de negligencia crasa al no proveer un lugar seguro de trabajo. Sostuvieron que violentó las normas básicas de seguridad establecidas tanto por agencias locales como federales, en abierto menosprecio a la vida y seguridad de sus empleados, e incurrió en violaciones

---

[1] La variación de la norma legislativa conllevaría abrir ante el Fondo del Seguro del Estado, Comisión Industrial y, oportunamente a escrutinio judicial, posibles defensas tales como negligencia comparada del obrero, negligencia de sus compañeros de trabajo, etc. A la postre, podría derrotarse su propósito primario, a saber, compensar al obrero o sus beneficiarios prontamente, sin entrar a evaluar tales defensas y las complicaciones litigiosas que ello acarrea.

catalogadas como "serias" según la Oficina de Seguridad y Salud en el Trabajo del Departamento del Trabajo y Recursos Humanos.

Aún asumiendo ciertas estas alegaciones, las mismas sólo podrían configurar conducta crasamente negligente que no constituye excepción a la inmunidad patronal. El cuadro fáctico de este lamentable y trágico accidente dista mucho de presentar el elemento intencional. El solo incumplimiento por un patrono asegurado de la obligación legal impuesta por la Ley de Seguridad y Salud en el Trabajo, de mantener condiciones seguras de empleo, no autoriza causa de acción alguna a favor de los obreros por un accidente de trabajo, ni afecta la inmunidad patronal. Vda. de Costas v. P.R. Olefins, 107 D.P.R. 782 (1978). No existe alegación alguna de que Bermúdez & Longo haya ocasionado intencionalmente el accidente que cobró la vida de Díaz Cardona. Por esta razón el único remedio disponible es el provisto por el Fondo.

IV

Procede sentencia sumaria, cuando el tribunal tiene ante sí la verdad sobre todos los hechos pertinentes y no existe verdadera controversia fáctica entre las partes. PFZ Properties, Inc. v. General Accident Insurance Co., res. en 7 de septiembre de 1994, 136 D.P.R. ___ (1994); Rivera Santana v. Superior Packing, res. en 9 de diciembre de 1992, 132 D.P.R. 115 (1992); Méndez Arocho v. El Vocero, res. en 30 de junio de 1992, 130 D.P.R. 867 (1992);

M.C.J.A., menor v. J.L.E.M., menor, 124 D.P.R. 910 (1989); Tello v. Eastern Airlines, 119 D.P.R. 83 (1987); González v. Quiñones, 116 D.P.R. 957 (1986); Flores v. Municipio, 114 D.P.R. 521 (1983).

Según indicáramos, las alegaciones de los demandantes Hernández Sánchez, et als., no señalaban **actos intencionales específicos** de parte del demandado Bermúdez & Longo, sino la sola equiparación –vía argumentación– de que la alegada negligencia crasa fue conducta intencional. Se trata de una cuestión de derecho abordable a través de la sentencia sumaria.

Incidió el Tribunal de Instancia al negar la Sentencia Sumaria. Por iguales fundamentos, se revoca la Sentencia confirmatoria del Tribunal de Circuito de Apelaciones. En su lugar, se dictará sentencia conforme a lo expuesto.

Continuarán en el Tribunal de Primera Instancia los procedimientos sobre la alegada inconstitucionalidad del remedio exclusivo dispuesto por ley.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carmen S. Hernández Sánchez
y otros

    Demandantes-recurridos

       v.

                             CC-97-762    Certiorari

Bermúdez & Longo, S.E.

    Demandado-peticionario

Caribbean Construction y otros

    Codemandados


SENTENCIA


San Juan, Puerto Rico, a 14 de octubre de 1999


     Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se revoca la Sentencia del Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que proceda a evaluar el planteamiento sobre alegada inconstitucionalidad de remedio exclusivo establecido en el Art. 20 de la Ley de Compensaciones por Accidentes del Trabajo.

     Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita.


                        Isabel Llompart Zeno
                          Secretaria del Tribunal Supremo