En el Tribunal Supremo de Puerto Rico

| | Asunto Disciplinario |
|---|---|
| In re<br><br>Rafael Lugo Rodríguez | 99 TSPR 157 |

Número del Caso: PAD-1993-7

Oficina del Procurador General:    Lcda. Cynthia Iglesias Quiñones

Abogado de Rafael Lugo Rodríguez:  Lcdo. Pedro Malavet Vega

Fecha: 10/15/1999

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rafael Lugo Rodríguez                    PAD 93-07

    Ex-Juez Municipal


PER CURIAM

San Juan, Puerto Rico a 15 de octubre de 1999


El licenciado Rafael Lugo Rodríguez fue nominado por el Gobernador de Puerto Rico, y confirmado por el Senado de Puerto Rico, como Juez Municipal en el año 1980. Este se desempeñaba, al momento de los hechos que nos conciernen, como juez regular del Municipio de Guánica.

El 26 de diciembre de 1989 se sometió ante otro magistrado, el Hon. Juez César D. Nazario Almodóvar, un caso contra el Sr. Luis Mercado Negrón, por alegada distribución de la droga narcótica conocida como cocaína. Este juez determinó causa probable y expidió orden de arresto contra el referido acusado.

La Policía de Puerto Rico solicitó tanto del Juez Rafael Lugo como del Juez César D. Nazario que comparecieran a la División de Drogas y Narcóticos en San Germán en relación con el diligenciamiento de las órdenes de arresto que se efectuarían el día 28 de diciembre de 1989.

El Juez Lugo Rodríguez llegó, en dicho día, en primer lugar y comenzó a atender varios casos. El Juez Nazario dejó la redada en manos del Juez Lugo Rodríguez, quien redujo la fianza a varios de los acusados, entre ellos la de Luis Mercado Negrón. El Juez Lugo Rodríguez era vecino de éste y le conocía desde hacía ocho (8) años aproximadamente.

El 25 de abril de 1990, alegadamente se vio llegar al Juez Lugo Rodríguez al negocio "La lechonera", en compañía del acusado Luis Mercado Negrón. El caso contra esta persona se señaló para juicio el 10 de mayo de 1990, y fue suspendido para el 31 de mayo de ese mismo año. Después de haberse suspendido el caso, el Teniente Ismael González González, Director de la División de Drogas y Narcóticos de la Policía de San Germán, alegadamente observó que de la Sala del Juez Fernández, que estaba atendiendo el caso, salieron el acusado, su abogado y una serie de testigos, entre los que se encontraban la esposa e hijo del Juez Rafael Lugo Rodríguez. Cuando estas personas salieron al pasillo del Tribunal, el Teniente González González pudo observar que estas personas

comenzaron a dialogar con Edgar Nieves Galindo, confidente que presenció la alegada transacción de drogas entre el acusado Luis Mercado Negrón y el agente encubierto, Luis A. Guilloty Ramos.

El referido oficial policiaco alegadamente pudo observar, además, que el Juez Rafael Lugo Rodríguez se acercó a estas personas y comenzó a hablar con el abogado del acusado y con el confidente, Edgar Nieves Galindo. Al cabo de unos minutos el Juez Lugo se fue a su oficina; en seguida bajaron y entraron a la misma el abogado y Nieves Galindo. Mientras esto ocurría, el acusado Mercado Negrón, se mantenía cerca de la entrada de dicha oficina.

Ese mismo día, el Fiscal Velázquez Flores, alegadamente recibió una llamada del Juez Lugo Rodríguez, quien le pidió que pasara por su oficina, ya que era urgente que le tomara una declaración jurada a un testigo. El fiscal Velázquez Flores acudió a la oficina del Juez Lugo Rodríguez, y allí alegadamente se encontró con éste, con el abogado del acusado Luis Mercado Negrón y con el confidente Nieves Galindo y su abogado.

El Juez Lugo Rodríguez alegadamente solicitó del fiscal que le tomara declaración jurada al señor Nieves Galindo. Luego de expresar el Juez Lugo Rodríguez que él no tenía nada que ver con eso, se marchó de su oficina dejando al Fiscal Velázquez Flores con el confidente y los abogados. Nieves Galindo declaró ante el Fiscal que el caso contra Luis Mercado Negrón había sido fabricado,

cambiando así la declaración jurada que había prestado previamente.

El entonces Juez Administrador del Tribunal Superior, Sala de Mayaguez, Lcdo. Rubén Fernández Vázquez, remitió el asunto a la Oficina de Administración de los Tribunales. Se refirió el caso a la atención de la Comisión de Disciplina y de Separación del Servicio por razón de Salud de Jueces.

Habiéndose determinado causa probable por la Comisionada Asociada, Lcda. Enid Martínez Moya, el Procurador General de Puerto Rico radicó ante la referida Comisión la correspondiente "querella" contra el Juez Rafael Lugo Rodríguez. A éste se le formularon cargos por violación de los Cánones I, II, XI, XII, XVI, XXI, XXIII, XXIV Y XXVI de Ética Judicial, solicitándose como sanción disciplinaria la destitución del cargo de Juez Municipal que ostentaba, o cualquier otra sanción que la Comisión de Disciplina estimara conveniente.

Durante la realización de ciertos trámites, previos a la contestación de la querella, venció el término de nombramiento del Juez Rafael Lugo Rodríguez y éste no fue renominado, por lo que dejó de formar parte de la Judicatura.

En la contestación a la querella, el ex-Juez Lugo Rodríguez negó todos los cargos y, además, solicitó la desestimación y archivo de la misma. Alegó que, conforme a la Regla 37 de las de Procedimiento para Acciones

Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces, la renuncia o terminación de la función judicial convierte el proceso en académico, pues ninguno de los cargos imputan la comisión de delito ni pueden considerarse causa para desaforo o suspensión de la abogacía.

Mediante resolución, de fecha 31 de octubre de 1994, la mencionada Comisión de Disciplina acogió el planteamiento desestimatorio del ex-Juez Lugo Rodríguez y, en su consecuencia, acordó "...recomendar al Juez Presidente, y al Tribunal [Supremo de Puerto Rico], la desestimación y archivo de la querella..." radicada contra dicha persona. Mediante escrito, de fecha 22 de noviembre de 1994, el Procurador General de Puerto Rico reaccionó a la resolución emitida por la referida Comisión de Disciplina. En la misma sostuvo que la recomendación de la Comisión es una correcta, razón por la cual solicitó de este Tribunal que "...archive la queja a tenor con lo dispuesto por la Comisión, sujeto a que el Lcdo. Rafael Lugo Rodríguez sea nombrado nuevamente a ocupar un cargo judicial. De verificarse su nombramiento judicial se volverían a activar los cargos."

II

La citada Regla 37, *ante,* establece, en su primer párrafo, que:

> "Si la querella alega conducta constitutiva de delito, negligencia en el desempeño de sus funciones o violación a los Cánones de Ética Judicial o del Código de Ética Profesional, la presentación por el juez de la renuncia al cargo no impedirá que continúe el procedimiento disciplinario en su contra <u>si la naturaleza de la conducta imputada puede dar lugar a su desaforo o suspensión de la abogacía</u>." (Enfasis suplido.)[1]

Como podemos notar, conforme las expresas disposiciones de la antes transcrita disposición reglamentaria, el hecho de que un miembro de la judicatura puertorriqueña, contra quien se ha radicado una querella por violación a los Cánones de Etica Judicial, <u>cese</u> en su cargo --<u>por razón de renuncia</u>-- no impide que continúe el procedimiento disciplinario en su contra si la <u>naturaleza</u> de la conducta imputada puede dar lugar a su desaforo o suspensión de la abogacía.

En el presente caso, no obstante el querellado haber cesado en su cargo de juez, el cese ocurrido <u>no</u> fue por razón de renuncia al cargo sino por haber <u>vencido</u> el término para el cual había sido designado y no haber sido renominado como juez por el Gobernador de Puerto Rico. <u>Debemos, en consecuencia, determinar si esta situación debe ser equiparada al cese debido a renuncia.</u>

---

[1] **Esta disposición reglamentaria fue enmendada el 14 de julio de 1995.**

No encontramos razón alguna jurídica válida por la cual las dos situaciones mencionadas no deban ser tratadas de forma similar. Esto es, en ninguna de estas dos situaciones, el caso se convierte en académico; ello siempre que, repetimos, la naturaleza de la conducta imputada pueda dar lugar a su desaforo o suspensión de la abogacía. A esos efectos, conviene recordar que hemos resuelto que se puede separar, o suspender, del ejercicio de la profesión de abogado a un ex-juez que incurrió, en momentos en que actuaba como tal, en conducta impropia o inmoral. In re: Liceaga, 82 D.P.R. 252, 257 (1961).

La conducta que se le imputa al hoy Lcdo. Rafael Lugo Rodríguez, mientras se desempeñaba como juez municipal, es una que a nuestro juicio, de ser probada la misma, podría considerarse violatoria de las disposiciones del Canon 38 de los de Etica Profesional, el cual establece, en lo pertinente, que el abogado "...deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia..." (Enfasis suplido.)

Somos del criterio que un juez que, alegadamente le rebaja la fianza a un acusado que era su vecino; posteriormente asiste con éste a un establecimiento público; recibe en su oficina al confidente que participó en el caso de dicho acusado; y, posteriormente, requiere del fiscal del caso que comparezca a su oficina con el

propósito de que este funcionario le tome una declaración a dicho confidente en que este ahora sostiene que el caso contra el acusado era fabricado, <u>ciertamente no le hace honor a la profesión de abogado e incurre, cuando menos, en la apariencia de conducta profesional impropia</u>.

En vista a esa situación, somos del criterio que el caso <u>no</u> se ha convertido en académico y que resulta procedente que se continúe adelante con los procedimientos disciplinarios contra el hoy abogado Rafael Lugo Rodríguez. A esos efectos, tenemos dos opciones: podríamos referir el asunto, nuevamente, a la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces o podríamos designar un Comisionado Especial para que presida los procedimientos disciplinarios, funcionario ante el cual el Procurador General de Puerto Rico sostendrá la querella, luego de radicar la correspondiente <u>querella enmendada</u> contra el abogado Lugo Rodríguez por conducta violatoria de las disposiciones del antes mencionado Canon 38 de los de Etica Profesional. Favorecemos esta segunda alternativa. Así lo decretamos.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rafael Lugo Rodríguez                    PAD-93-07

    Ex-Juez Municipal

SENTENCIA

San Juan, Puerto Rico a 15 de octubre de 1999

        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia nombrando al Hon. Arnaldo López Rodríguez, para que en calidad de Comisionado Especial presida los procedimientos disciplinarios, funcionario ante el cual el Procurador General de Puerto Rico sostendrá la querella, luego de radicar la correspondiente querella enmendada contra el abogado Lugo Rodríguez por conducta violatoria de las disposiciones del antes mencionado Canon 38 de los de Etica Profesional.

        Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

                                Isabel Llompart Zeno
                              Secretaria del Tribunal Supremo