EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br>     Apelado<br><br>     v.<br><br>Miguel Jorge Rodríguez<br>Reinaldo Marcial Mattei<br>     Apelantes | Apelación<br><br>99 TSPR 183 |
| --- | --- |

Número del Caso: CR-1994-85

Fecha: 22/12/1999

Tribunal de Primera Instancia, Sala Superior de Ponce

Hon. Frank Rodríguez García

Oficina del Procurador General: Hon. Gustavo A. Gelpi

Abogado de Miguel Jorge Rodríguez:  Lcdo. Héctor Zayas Puig

Abogado de Reinaldo Marcial Mattei: Lcdo. Manuel B. Caballer

Materia: Sustancias Controladas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico | Apelación procedente del Tribunal Superior Sala de Ponce |
| **Recurrido** | |
| **vs.** | CR-94-85 |
| **Miguel Jorge Rodríguez Reinaldo Marcial Mattei** | Infr. Art. 401, Ley Sust. Controladas |
| **Acusados-apelantes** | |

PER CURIAM

San Juan, Puerto Rico, a 22 de diciembre de 1999

Los apelantes Miguel Jorge Rodríguez y Reinaldo Marcial Mattei se desempeñaban, para los años de 1989 y 1990, como miembros de la Policía de Puerto Rico, adscritos a la Estación E de la División de Patrullas de Carreteras, Cuartel de Sabana Grande, Puerto Rico. Con motivo de unas alegadas confidencias, suministradas las mismas a un oficial de la Policía de Puerto Rico, a los efectos de que varios agentes pertenecientes al mencionado Cuartel de Patrullas de Carreteras se dedican al narcotráfico, la Policía de Puerto Rico le encomendó a dos agentes encubiertos la investigación de dicha confidencia.

Como resultado de la labor realizada por dichos agentes encubiertos --los cuales responden a los nombres de Eric Rivera Nazario y Luis A. Guigliotty Ramos-- los policías Jorge Rodríguez y Marcial Mattei fueron acusados por dos alegadas infracciones al Artículo 401 de la Ley de Sustancias Controladas, alegadamente cometidas las mismas el día 17 de febrero de 1990 en Guánica, Puerto Rico.

Celebrado que fuera el juicio ante el antiguo Tribunal Superior de Puerto Rico, Sala de Ponce, el jurado que intervino en el mismo rindió veredicto de culpabilidad contra ambos acusados en los dos cargos que le fueran imputados a éstos. Jorge Rodríguez y Marcial Mattei fueron sentenciados por el mencionado tribunal de instancia a cumplir una pena de quince (15) años de reclusión en cada cargo, a ser cumplidas las mismas en forma concurrente, el día 19 de diciembre de 1994. Ese día fueron ingresados en una institución penal.

Inconformes con lo acontecido ante el tribunal de instancia, Jorge Rodríguez y Marcial Mattei radicaron el correspondiente recurso de apelación ante este Tribunal, el día 21 de diciembre de 1994, en revisión de las convicciones decretadas y las sentencias que le fueron impuestas; al así hacerlo, le imputaron al tribunal de instancia la supuesta comisión de diez (10) errores.[1]

---

[1]   Mediante el <u>sexto</u> (6to.) señalamiento de error, los apelantes le imputaron al tribunal de instancia haber errado:

Luego de los trámites usuales y corrientes, referentes los mismos a la tramitación de un recurso de apelación[2], y habiendo quedado el caso sometido ante este Tribunal el 19 de marzo de 1997, luego de que el Procurador General radicara su alegato, el 18 de abril de 1997 los apelantes radicaron un escrito intitulado "moción informativa y en solicitud de paralización de los procedimientos", en el cual le informaron al Tribunal que habían recibido información a los efectos de que el Estado estaba conduciendo una investigación por la supuesta fabricación de casos por varios agentes de la Policía de Puerto Rico, entre los cuales se encontraban los Agentes Rivera Nazario y Guigliotty Ramos.

En atención a ello, mediante Resolución del 2 de mayo de 1997, le concedimos término al Procurador General para que se expresara respecto a la mencionada moción. En la comparecencia del Procurador General, en cumplimiento de la referida Resolución, éste admitió el hecho de la existencia de la investigación y que los agentes que participaron en el caso de autos efectivamente estaban siendo investigados;

---

"....no permitir que testigos de defensa declararan ante el jurado sobre hechos que probaban la teoría de defensa sobre fabricación de casos y la mendacidad de los testigos de cargo, por entender o que no impugnaban credibilidad alguna o por entender que no constituían prueba de mendacidad, abrogándose de esa manera las funciones del jurado."

[2] La preparación y certificación de una exposición narrativa de la prueba, la radicación de los alegatos de las partes, etc.

expresó dicho funcionario, por último, que aun cuando entendía que no era necesario paralizar el trámite apelativo del caso, no se oponía a ello.

Este Tribunal, mediante Resolución de fecha 18 de junio de 1997, entendió procedente fijarle, motu proprio, fianza en apelación a los apelantes Jorge Rodríguez y Marcial Mattei, la cual éstos prestaron. Le ordenamos, además, al Procurador General mantener informado al Tribunal sobre el resultado de la antes mencionada investigación.

Habiendo transcurrido un término de tiempo considerable sin que el Procurador General nos informara al respecto, el 8 de octubre de 1999 le concedimos un breve término a dicho funcionario para que compareciera e informara. Éste compareció y solicitó prórroga para someter su posición definitiva al respecto; la concedimos.

El pasado 9 de diciembre del presente año, el Procurador General finalmente compareció. En su escrito nos informa, en lo pertinente, que, como resultado de la investigación confidencial que llevara a cabo el Estado, "...el Ministerio Público tiene dudas serias y fundadas en torno a la veracidad de los hechos en el presente caso, tal y como éstos fueron expuestos por los agentes Rivera Nazario y Guigliotty Ramos en sus respectivas declaraciones durante el proceso"; razón por la cual, estima el Procurador General, que "...las convicciones de epígrafe no deben prevalecer".

I

Resulta lamentable que situaciones como la presente sucedan. Ello no obstante, la ocurrencia de las mismas debe servir de estímulo a la Policía de Puerto Rico para mejorar no solo la calidad del reclutamiento de su personal sino que los procesos de entrenamiento y supervisión de sus agentes, en específico, la labor que llevan a cabo los agentes encubiertos.

Naturalmente, coincidimos totalmente con el Procurador General en que, en vista de los resultados arrojados por la investigación realizada por el Estado, relacionada con la fabricación de casos de drogas por miembros de la fuerza policiaca del País, las convicciones apeladas no deben, ni pueden, prevalecer; razón por la cual procede dictar Sentencia revocatoria de las emitidas por el antiguo Tribunal Superior de Puerto Rico, Sala de Ponce, decretándose la absolución de los apelantes Miguel Jorge Rodríguez y Reinaldo Marcial Mattei.

Se dictará Sentencia de conformidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

El Pueblo de Puerto Rico                        Apelación procedente
                                                del Tribunal Superior
                                                Sala de Ponce

    **Recurrido**

                                                    CR-94-85

      **vs.**

**Miguel Jorge Rodríguez**                      Infr. Art. 401, Ley
**Reinaldo Marcial Mattei**                     Sust. Controladas


    **Acusados-apelantes**


SENTENCIA


**San Juan, Puerto Rico, a 22 de diciembre de 1999**


      **Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de las emitidas por el antiguo Tribunal Superior de Puerto Rico, Sala de Ponce, decretándose la absolución de los apelantes Miguel Jorge Rodríguez y Reinaldo Marcial Mattei.**

      **Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.**


                      **Isabel Llompart Zeno**
              **Secretaria del Tribunal Supremo**