EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | Querella |
|---|---|
| In re: | 2001 TSPR 132 |
| Rafael Lugo Rodríguez II | 155 DPR _____ |

Número del Caso: CP-2000-02

Fecha: 19/septiembre/2001

Oficina del Procurador General:
            Lcda. Yvonne Casanova Pelosi
            Procuradora General Auxiliar

Abogado de la Parte Querellada:
            Lcdo. Pedro Malavet Vega

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rafael Lugo Rodríguez II                    CP-2000-02


PER CURIAM

San Juan, Puerto Rico, a 19 de septiembre de 2001.


El caso de autos es la secuela de una decisión anterior nuestra sobre el mismo asunto, según surge de nuestra opinión Per Curiam en In re: Lugo Rodríguez, res. el 15 de octubre de 1999, 149 D.P.R. ___, 99 TSPR 156, 99 JTS 163, en la que se relatan la mayor parte de los hechos esenciales de este caso y mediante la cual se ordenó al Procurador General de Puerto Rico a presentar la querella que ahora atendemos.

I

El Lcdo. Rafael Lugo Rodríguez fue admitido al ejercicio de la abogacía el 7 de noviembre de 1979. Luego fue nominado por el Gobernador de Puerto Rico y

confirmado por el Senado de Puerto Rico, como Juez Municipal en el año 1980. Al momento de los hechos que nos conciernen, éste se desempeñaba como juez del Municipio de Guánica.

El 26 de diciembre de 1989 se sometió ante otro magistrado, el Hon. Juez César D. Nazario, un caso contra Luis Mercado Negrón, por la alegada distribución de la droga narcótica conocida como cocaína. Dicho juez determinó que existía causa probable y expidió una orden de arresto contra el referido acusado. Le fijó una fianza de $100,000.

Luego la Policía de Puerto Rico solicitó tanto del Juez Rafael Lugo como del Juez César D. Nazario que comparecieran a la División de Drogas y Narcóticos en San Germán en relación con el diligenciamiento de varias órdenes de arresto que se efectuarían el día 28 de diciembre de 1989. El Juez Lugo Rodríguez llegó allí en dicho día y comenzó a atender varios casos. Redujo la fianza previamente fijada a varios de los acusados, entre ellos la de Mercado Negrón. El Juez Lugo Rodríguez era vecino de éste y le conocía desde hacía ocho (8) años aproximadamente. Le redujo la fianza a $20,000.

El 25 de abril de 1990 alegadamente se vio llegar al Juez Lugo Rodríguez al negocio "La Lechonera", en compañía del acusado Mercado Negrón.

El caso contra Mercado Negrón se señaló para juicio el 10 de mayo de 1990 y fue suspendido para el 31 de mayo de ese mismo año. Después de haberse suspendido el caso, el Teniente Ismael González González, Director de la División de Drogas y Narcóticos de la Policía de San Germán, alegadamente observó

que de la Sala del Juez Rubén Fernández, que estaba atendiendo el caso, salieron el acusado, su abogado y una serie de testigos, entre los que se encontraban la esposa e hijo del Juez Lugo Rodríguez. Cuando estas personas salieron al pasillo del Tribunal, el Teniente González González pudo observar que estas personas comenzaron a dialogar con Edgar Nieves Galindo, confidente que presenció la alegada transacción de drogas entre el acusado Mercado Negrón y el agente encubierto, Luis A. Guilloty Ramos.

El referido oficial policiaco alegadamente pudo observar, además, que el Juez Lugo Rodríguez se acercó a estas personas y comenzó a hablar con el abogado del acusado y con el confidente, Edgar Nieves Galindo. Al cabo de unos minutos el Juez Lugo Rodríguez se fue a su oficina, a la que luego entraron el abogado y Nieves Galindo. Mientras esto ocurría, el acusado Mercado Negrón, se mantenía cerca de la entrada de dicha oficina.

Ese mismo día, el Fiscal Velázquez Flores alegadamente recibió una llamada del Juez Lugo Rodríguez, quien le pidió que pasara por su oficina, ya que era urgente que le tomara una declaración jurada a un testigo. El fiscal Velázquez Flores acudió a la oficina del Juez Lugo Rodríguez y allí alegadamente se encontró con éste, con el abogado del acusado Mercado Negrón y con el confidente Nieves Galindo y su abogado.

El Juez Lugo Rodríguez alegadamente solicitó del fiscal que le tomara una declaración jurada a Nieves Galindo. Luego de que el Juez Lugo Rodríguez expresara que él no tenía nada que ver

con eso, se marchó de su oficina dejando al Fiscal Velázquez Flores con el confidente y los abogados. Nieves Galindo declaró ante el Fiscal que el caso contra Mercado Negrón había sido fabricado, cambiando así la declaración jurada que había prestado previamente. Ello no obstante, Mercado Negrón fue juzgado en juicio por jurado y convicto el 18 de junio de 1990. Fue sentenciado a diez (10) años de prisión. Posteriormente obtuvo un perdón ejecutivo condicional y fue puesto en libertad el 14 de junio de 1994.[1]

Por razón de la conducta del Juez Lugo Rodríguez relatada antes, el entonces Juez Administrador del Tribunal Superior, Sala de Mayagüez, Hon. Rubén Fernández, remitió el asunto a la Oficina de Administración de los Tribunales (OAT). Se refirió el caso a la atención de la Comisión de Disciplina y de Separación del Servicio por razón de Salud de Jueces (Comisión de Disciplina).

Habiéndose determinado causa probable por la Comisionada Asociada, Lcda. Enid Martínez Moya, el Procurador General de Puerto Rico presentó ante la referida Comisión de Disciplina la correspondiente "querella" contra el Juez Lugo Rodríguez. A éste se le formularon cargos por violación de los Cánones I, II, XI, XII, XVI, XXI, XXIII, XXIV Y XXVI de Ética Judicial, 4 L.P.R.A. Ap. IV-A, solicitándose como sanción disciplinaria la destitución del cargo de Juez Municipal que ostentaba o

---

[1] Véase, Mercado Negrón v. Torres-Suárez, opinión y orden del magistrado federal J. A. Castellanos de 11 de mayo de 1999, Civil No. 95-1967 (CCC-JAC).

cualquier otra sanción que la Comisión de Disciplina estimara conveniente.

Durante la realización de ciertos trámites, previos a la contestación de la querella, venció el término de nombramiento del Juez Lugo Rodríguez y éste no fue renominado, por lo que dejó de formar parte de la Judicatura.

En la contestación a la querella, el ex-Juez Lugo Rodríguez negó todos los cargos y, además, solicitó su **desestimación y archivo.** Alegó que, conforme a la Regla 37 de las de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces, 4 L.P.R.A. Ap. XV-A R. 37, la renuncia o terminación de la función judicial convertía el proceso en académico, debido a que ninguno de los cargos imputaban la comisión de delito ni podían considerarse causa para el desaforo o la suspensión de la abogacía.

Mediante una resolución del 31 de octubre de 1994 la mencionada Comisión de Disciplina acogió el planteamiento desestimatorio del ex-Juez Lugo Rodríguez y, en su consecuencia, acordó "...recomendar al Juez Presidente, y al Tribunal Supremo de Puerto Rico, la desestimación y archivo de la querella..." presentada contra dicha persona. El 22 de noviembre de 1994 el Procurador General de Puerto Rico reaccionó a la resolución emitida por la referida Comisión de Disciplina. Sostuvo que la recomendación de la Comisión de Disciplina era correcta, razón por la cual solicitó de este Tribunal que "...archive la queja a tenor con lo dispuesto por la Comisión, sujeto a que el Lcdo. Lugo Rodríguez sea nombrado nuevamente

a ocupar un cargo judicial. De verificarse su nombramiento judicial se volverían a activar los cargos."

Así las cosas, el 18 de octubre de 1999 mediante el Per Curiam referido antes, interpretamos la citada Regla 37, supra, que en su primer párrafo dispone que:

> "Si la querella alega conducta constitutiva de delito, negligencia en el desempeño de sus funciones o violación a los Cánones de Ética Judicial o del Código de Ética Profesional, la presentación por el juez de la renuncia al cargo no impedirá que continúe el procedimiento disciplinario en su contra **si la naturaleza de la conducta imputada puede dar lugar a su desaforo o suspensión de la abogacía.**" (Enfasis suplido.)

Hicimos hincapié en que, conforme a las disposiciones reglamentarias referidas, el hecho de que un miembro de la judicatura puertorriqueña, contra quien se ha radicado una querella por violación a los Cánones de Ética Judicial, supra, **cese** en su cargo **—por razón de renuncia—** no impide que continúe el procedimiento disciplinario en su contra si la **naturaleza** de la conducta imputada puede dar lugar a su desaforo o suspensión de la abogacía.

Indicamos, además, que aunque en el presente caso el querellado había cesado en su cargo de juez, **no** por razón de renuncia al cargo sino por haber **vencido** el término para el cual había sido designado y no haber sido renominado como juez por el Gobernador de Puerto Rico, la norma de la referida Regla 37, supra, también aplicaba. Resolvimos expresamente así:

> No encontramos razón alguna jurídica válida por la cual las dos situaciones mencionadas no deban ser tratadas de forma similar. Esto es, en ninguna de estas dos situaciones, el caso se convierte en académico; **ello siempre que, repetimos, la naturaleza de la**

**conducta imputada pueda dar lugar a su desaforo o suspensión de la abogacía.** A esos efectos, conviene recordar que hemos resuelto que se puede separar, o suspender, del ejercicio de la profesión de abogado a un ex-juez que incurrió, en momentos en que actuaba como tal, en conducta impropia o inmoral. In re: Liceaga, 82 D.P.R. 252, 257 (1961).

En vista de lo anterior, expresamos también en dicho Per Curiam que la conducta que se le imputaba al licenciado Lugo Rodríguez, mientras se desempeñaba como juez municipal, era una que a nuestro juicio, **de ser probada la misma**, podría considerarse violatoria de las disposiciones del Canon 38 de los de Ética Profesional, 4 L.P.R.A. Ap. IX C. 38, el cual establece, en lo pertinente, que el abogado "...deberá esforzarse, al máximo de su capacidad, **en la exaltación del honor y dignidad de su profesión**, aunque el así hacerlo conlleve sacrificios personales y **debe evitar hasta la apariencia de conducta profesional impropia...**" (Enfasis suplido.)

Expresamente indicamos entonces que:

Somos del criterio que un juez que, alegadamente le rebaja la fianza a un acusado que era su vecino; posteriormente asiste con éste a un establecimiento público; recibe en su oficina al confidente que participó en el caso de dicho acusado; y, posteriormente, requiere del fiscal del caso que comparezca a su oficina con el propósito de que este funcionario le tome una declaración a dicho confidente en que este ahora sostiene que el caso contra el acusado era fabricado, **ciertamente no le hace honor a la profesión de abogado e incurre, cuando menos, en la apariencia de conducta profesional impropia.**

Por todo lo anterior, resolvimos en el anterior In re: Lugo Rodríguez, supra, que el caso **no** se había convertido en académico y que resultaba procedente que se continuaran con los procedimientos disciplinarios contra el  licenciado Lugo

Rodríguez. Por tanto, le ordenamos al Procurador General de Puerto Rico a presentar la querella correspondiente por conducta violatoria del Canon 38 de los de Ética Profesional.

Cinco meses y medio después del dictamen referido, el 27 de marzo de 2000, el Procurador General presentó la querella contra el licenciado Lugo Rodríguez que le habíamos requerido. Le imputó un cargo por violación al Canon 38 de Ética Profesional, por la conducta mencionada antes. En particular, se alegó que Lugo Rodríguez había incumplido la obligación de todo abogado "a esforzarse al máximo de su capacidad a la exaltación del honor y la dignidad de la profesión y a evitar hasta la apariencia de conducta profesional impropia."

Luego de los trámites de rigor, nombramos al ex juez superior, Lcdo. Arnaldo López Rodríguez como Comisionado Especial para entender en la querella referida. El 7 de junio de 2000 se celebró ante este Comisionado Especial una conferencia con antelación a la vista de la querella en la cual el Procurador General de Puerto Rico, por voz de la Procuradora Auxiliar Lcda. Ivonne Casanova Pelosi, le informó al Comisionado Especial que su oficina no iba a presentar prueba testifical en el caso y que dejaba sometido su caso por el expediente, que en esencia incluía la querella presentada por el Procurador General y la contestación a la querella del licenciado Lugo Rodríguez, junto a unas declaraciones juradas provistas por éste, en particular la declaración jurada prestada por el propio querellado durante la investigación de este asunto realizada por la OAT. La licenciada Casanova Pelosi

expresó, además, que los testigos que el Procurador General se proponía presentar en este caso no le merecían ahora ninguna credibilidad ni confianza y que éstos eran objeto de una investigación criminal.

El querellado, a su vez, informó que tampoco presentaría prueba testifical. Dejó su caso sometido también a base de los documentos referidos que formaban parte del expediente.

En vista de las aludidas posturas de las partes, el 26 de diciembre de 2000 el Comisionado Especial nos informó que como no había sido necesario celebrar una vista evidenciaria en el caso de autos, él daba por concluida su encomienda, ya que este Tribunal estaba en igual posición que el Comisionada Especial para evaluar la prueba documental aludida.

Por lo anterior, pasamos a resolver.

II

Es menester comenzar indicando lo que en nuestro criterio puede explicar el inusitado proceder tanto del Procurador General como del Comisionado Especial en el caso de autos. Como se desprende de los hechos narrados antes, uno de los aspectos medulares de la conducta del entonces juez Lugo Rodríguez que dio lugar a una querella en su contra fue lo relativo a su intervención con el fiscal Velázquez Flores con respecto a la declaración de un confidente en contra del acusado Mercado Negrón. En efecto, con arreglo a las alegaciones correspondientes, existía la impresión de que el licenciado Lugo Rodríguez había intervenido para que el confidente cambiara su declaración inicial contra Mercado Negrón sobre su

supuesta distribución de cocaína, por otra declaración de que el caso contra el acusado Mercado Negrón había sido fabricado. Nos pareció en octubre de 1999 que un asunto tan grave como éste debía ser investigado a fondo.

Resulta, sin embargo, que dos meses más tarde, en <u>Pueblo v. Jorge, Marcial</u>, res. el 22 de diciembre de 1999, 149 D.P.R. ___, 99 TSPR 183, 99 JTS 186, decretamos la absolución de unos convictos de narcotráfico porque el propio Procurador General nos informó que, como resultado de una investigación confidencial realizada por el Estado, el Ministerio Público tenía dudas serias y fundadas sobre la veracidad de los testigos de cargo en ese caso. La investigación referida estaba relacionada con **la fabricación de casos de drogas por miembros de la fuerza policíaca de Puerto Rico**. Uno de los involucrados en el referido caso, cuyo testimonio el propio Estado cuestionó allí, era el agente Guilloty Ramos, quien también había presentado la correspondiente denuncia contra Mercado Negrón en el caso de autos. Parecería, pues, que el querellado Lugo Rodríguez, al procurar que el fiscal Velázquez Flores le tomara una nueva declaración jurada al confidente referido antes, no estaba usando su oficio de juez para favorecer a su vecino Mercado Negrón, sino que estaba procurando el esclarecimiento de la verdad en una situación de fabricación de cargos. Ciertamente, ello es lo manifestado por Lugo Rodríguez en su declaración jurada ante la OAT que obra en autos, que no ha sido controvertida.

Nos parece evidente, pues, que el Procurador General declinó presentar prueba en el caso disciplinario contra el licenciado Lugo Rodríguez en vista de la fabricación de prueba por los testigos del Estado aludido antes, que afectaba también el asunto del licenciado Lugo Rodríguez.

IV

La querella en cuestión tiene un segundo aspecto, es decir, un segundo incidente que es pertinente.[2] Trata sobre la rebaja de la fianza que le había sido fijada a Mercado

---

[2] La querella sólo alude a dos (2) incidentes. Nada dice sobre la alegación mencionada en nuestro primer Per Curiam de que Lugo Rodríguez llegó a un negocio con el acusado Mercado Negrón estando pendiente el juicio de éste.

Negrón. El licenciado Lugo Rodríguez, actuando como juez, la rebajó de $100,000 a $20,000. El querellado intervino de dicho modo en el caso de Mercado Negrón, a pesar de que éste era vecino y conocido del querellado desde hacía años.

Sobre el particular, y conforme a su declaración jurada ante la OAT que consta en autos, el querellado expresó que el día que se le requirió que diligenciara determinadas órdenes de arresto, que incluía la de Mercado Negrón, los abogados de los varios imputados le solicitaron que se rebajaran las fianzas fijadas antes por el Juez César D. Nazario; que él consultó el asunto con dicho Juez, y que éste lo autorizó a rebajar las fianzas usando su mejor criterio. Relata entonces el querellado que él procedió a rebajar las fianzas, incluyendo la de Mercado Negrón. Negó que hubiese actuado mal, afirmando que fue juez por vocación y que de ninguna forma actuaría para "empañar la Judicatura".

Es menester señalar que lo anterior, en esencia, es todo lo que hay en autos sobre el incidente de la rebaja de fianza. Tanto el querellado como el propio Procurador General, y asimismo el Comisionado Especial, nos han sometido el asunto a nuestra consideración estrictamente a base de la referida declaración jurada del querellado, que nadie ha contradicho.

No cabe dudas de que Lugo Rodríguez, actuando como juez, desplegó cuando menos **un juicio poco prudente** al intervenir en el asunto de la fianza con relación a un imputado que era su vecino. Su actitud debió ser la de no intervenir de ningún modo en tal asunto, sin que importase que el juez que fijó la fianza

originalmente le autorizara a rebajarla. Situaciones como las de este incidente empañan la imagen de imparcialidad de la Judicatura. Por ello el Canon XI de Ética Judicial requiere que el juez no sólo debe ser imparcial sino que, además, exige que su conducta debe excluir **"toda posible apariencia de que es susceptible de actuar a base de influencias de personas... o por motivaciones impropias"**. Por ello también el Canon XII le requiere al juez **inhibirse** en cualquier procedimiento judicial cuando exista cualquier causa **"que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar"**.

Es menester señalar, además, que no sólo los jueces en el desempeño de sus funciones, sino los abogados también están todos sujetos siempre a la obligación de no empañar la imagen de imparcialidad de la Judicatura. Por eso se les exige no sólo "tomar las medidas que procedan en ley contra funcionarios judiciales que abusan de sus prerrogativas" sino, además, realizar todo lo que esté a su alcance **"para lograr el más adecuado desenvolvimiento y desarrollo del proceso judicial"**.[3] Por eso también el Canon 38 de Ética Profesional les exige que como funcionarios del tribunal deben hacer **"su propia y cabal aportación hacia la conservación de una mejor administración de la justicia"**. El querellado Lugo Rodríguez faltó a este deber, por lo que lo censuramos.

V

---

[3] Véase, el Canon 9 de Ética Profesional y el Criterio General que le antecede. 4 L.P.R.A. Ap. IX sección 9 y C.9.

Vistas las circunstancias especiales del caso de autos, en particular el proceder de la Oficina del Procurador General de dar el caso por sometido por el expediente, sin presentar prueba testifical; por razón además de que el Comisionado Especial dio por terminada su encomienda acogiéndose al proceder de las partes de dar por sometido el caso como lo hicieron, sin gestión ulterior; tomando en cuenta también que el caso ha estado pendiente por casi ocho (8) años, limitamos nuestra sanción a la censura antes expresada y ordenamos su archivo.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rafael Lugo Rodríguez II                    CP-2000-02

SENTENCIA

San Juan, Puerto Rico, a 19 de septiembre de 2001.

Por las razones expuestas en la Opinión Per Curiam que antecede, que se hace formar parte de la presente, se dicta sentencia para **censurar** al Lcdo. Rafael Lugo Rodríguez.

Se ordena el archivo del presente caso.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Rebollo López no intervinieron. El Juez Asociado señor Rivera Pérez no interviene.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo